BRIAN BOYLE (S.B. #126576)
bboyle@omm.com
SHANNON BARRETT (Pro Hac Vice)
sbarrett@omm.com
THERESA GEE (S.B. #136241)
tgee@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

AMY J. LONGO (S.B. #198304)
alongo@omm.com
CHRISTOPHER B. CRAIG (S.B. #257108)
christophercraig@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants Transamerica Life Insurance Company, Transamerica Investment Management, LLC and Transamerica Asset Management, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN SANTOMENNO, KAREN POLEY, and BARBARA POLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRANSAMERICA LIFE INSURANCE COMPANY, TRANSAMERICA INVESTMENT MANAGEMENT, LLC, and TRANSAMERICA ASSET MANAGEMENT, INC., <br><br> Defendants. | Case No. 2:12-cv-02782-DDP-MAN <br><br> Hon. Dean D. Pregerson <br><br> **Notice of Motion and Memorandum in Support of Defendant Transamerica Investment Management, LLC and Transamerica Asset Management, Inc.'s Motion to Dismiss Class Action Complaint** <br><br> **HEARING: OCTOBER 1, 2012** <br> **TIME: 10:00 AM** |

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................... 1

BACKGROUND ........................................................................................................ 2

ARGUMENT .............................................................................................................. 2

I. STANDARD OF REVIEW ............................................................................ 2

II. PLAINTIFFS' PROHIBITED TRANSACTION CLAIMS FAIL AS A MATTER OF LAW. ...................................................................................... 2

III. COUNTS IV & VII SHOULD BE DISMISSED AS TO TIM AND TAM FOR THE ADDITIONAL REASONS THAT THEY SEEK RELIEF THAT IS UNAVAILABLE UNDER ERISA § 502(A)(3) .............. 3

CONCLUSION ........................................................................................................... 6

-i-

NOT. & MEM. IN SUPP. OF DEFS.' TRANSAMERICA
INV. MGMT. LLC AND TRANSAMERICA ASSET
MGMT., INC. MOT. TO DIS. CLASS ACTION COMPL.

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Life Ins. Co. v. DFW Sleep Diagnostics Ctr.*,
  2004 WL 1922033 (E.D. La. Aug. 25 2004) .................................................... 6

*Baker v. Chin & Hensolt, Inc.*,
  No. C-09-4168, 2010 WL 1222783 (N.D. Cal. Mar. 24, 2010 ) ........................ 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 6

*Calhoon v. TWA*,
  400 F.3d 593 (8th Cir. 2005) ............................................................................ 6

*CIGNA v. Amara*,
  179 L. Ed. 2d 843, 131 S. Ct. 1866 (2011) ...................................................... 4

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204, 151 L. Ed. 2d 635, 122 S. Ct. 708 (2002) ......................... 1, 3, 4

*Hecker v. Deere & Co.*,
  556 F.3d 575 (7th Cir. 2009), *cert. denied*, 175 L. Ed. 2d 973, 130 S. Ct.
  1141 (2010) ...................................................................................................... 5

*In re Unisys Corp. Retiree Med. Benefits*,
  MDL Docket No. 969, 2007 WL 2071876 (E.D. Pa. July 16, 2007) .............. 6

*Nechis v. Oxford Health Plans, Inc.*,
  421 F.3d 96 (2d Cir. 2005) ............................................................................... 6

*Paulsen v. CNF Inc.*,
  559 F.3d 1061 (9th Cir. 2009), *cert. denied*, 175 L. Ed. 2d 882, 130 S. Ct.
  1053 (2010) ...................................................................................................... 3

*Pepsi Bottling Group, Inc. v. Thomas*,
  NO. C10-54MJP, 2010 U.S. Dist. LEXIS 66410 (W.D. Wash. July 1,
  2010) ................................................................................................................. 6

*Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*,
  317 F. App'x 169 (3d Cir. 2009) ..................................................................... 3

**STATUTES**

15 U.S.C. § 80a-22 ................................................................................................ 4

§ 3(21)(B), 29 U.S.C. § 1002(21)(B) .................................................................... 5

§ 401(b)(1), 29 U.S.C. § 1101(b)(1) ...................................................................... 5

§ 406, 29 U.S.C. § 1106 ......................................................................................... 2

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

§ 502(a)(3), 29 U.S.C. § 1132(a)(3) ............................................................. 1, 3, 4, 6

**RULES**

17 C.F.R. § 270.2a-4(a)(4) (2012) .................................................................... 4

29 Fed. Reg. 19100, 19101 (Dec. 30, 1964) ..................................................... 4

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 6

- iii -

NOT. & MEM. IN SUPP. OF DEFS.' TRANSAMERICA INV. MGMT. LLC AND TRANSAMERICA ASSET MGMT., INC. MOT. TO DIS. CLASS ACTION COMPL.

# INTRODUCTION

Defendants Transamerica Investment Management, LLC ("TIM") and Transamerica Asset Management, Inc. ("TAM") do not belong in this case. Plaintiffs do not assert their Investment Advisers Act claims against TIM or TAM and do not allege that TIM or TAM themselves breached any fiduciary duties under ERISA.[1] Instead, Plaintiffs seek to impose non-fiduciary liability against TIM and TAM under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Plaintiffs' claims against TIM and TAM are predicated entirely on the fiduciary status of Transamerica Life Insurance Company ("TLIC"), which TLIC addresses in a separate motion to dismiss under Fed. R. Civ. P. 12(b)(6). As such, to the extent the ERISA fiduciary claims are found to be invalid as to TLIC, Plaintiffs' claims against TIM and TAM should be dismissed as well.

But even if Plaintiffs had stated a valid claim against TLIC, their non-fiduciary duty claims against TIM and TAM would still fail for an additional reason. Plaintiffs have not alleged facts sufficient to show they are entitled to relief under § 502(a)(3), ERISA's civil enforcement provision, which authorizes courts to remedy violations of statutory or plan provisions by non-fiduciaries by granting injunctions or "other appropriate equitable relief," ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). That relief is available against non-fiduciaries only "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the [non-fiduciary's] possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213, 151 L. Ed. 2d 635, 645, 122 S. Ct. 708, 714 (2002) (emphasis added). Plaintiffs have not pleaded traceability, nor could they. As described herein, traceability is an utter impossibility in light of the investment products at issue in this dispute.

Therefore, under Fed. R. Civ. P. 12(b)(6), the Court should grant Defendants'

---

[1] Employee Retirement Income Security Act of 1974, as amended.

motion to dismiss.[2]

## BACKGROUND

TIM and TAM incorporate by reference the Background section of TLIC's Memorandum in Support of Motion to Dismiss ("TLIC Br.") as if fully set forth herein, and additionally state as follows:

TIM and TAM, both affiliates of TLIC, act as advisers to certain of the underlying mutual funds and collective investment trusts held in the separate account investment options that TLIC offers to plan sponsors.[3] Compl. ¶¶ 63-64, 296-298. The Complaint alleges that TIM and TAM received investment management, investment advisory or similar fees from the Plaintiff Plans' investments in these investment options, and that the receipt of such fees constitute prohibited transactions under ERISA § 406, 29 U.S.C. § 1106. *Id.* ¶¶ 299-301. Plaintiffs do not plead that TIM and TAM constitute fiduciaries under ERISA.

## ARGUMENT

### I. STANDARD OF REVIEW

TAM and TIM incorporate by reference Section I of TLIC's Motion to Dismiss as if fully set forth herein.

### II. PLAINTIFFS' PROHIBITED TRANSACTION CLAIMS FAIL AS A MATTER OF LAW.

Counts IV and VII allege that TIM and TAM knowingly participated in fiduciary breaches by TLIC related to the payment of investment management, investment advisory or other fees to TLIC-affiliated entities. Those non-fiduciary claims are predicated entirely on alleged ERISA violations *by TLIC*. *See* Count IV ¶ 8 (alleging TIM and TAM are liable "for the fees described herein that they

---

[2] This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 19, 2012.
[3] TIM and TAM are not the only entities to play this role with respect to TLIC's separate account investment options. As the Complaint reflects, many of the separate account investment options that TLIC offers invest solely in funds or trusts advised by companies that are unaffiliated with TLIC, such as Vanguard, Columbia, Oppenheimer, and State Street. *Id.* ¶¶ 245, 320.

- 2 -  NOT. & MEM. IN SUPP. OF DEFS.' TRANSAMERICA INV. MGMT. LLC AND TRANSAMERICA ASSET MGMT., INC. MOT. TO DIS. CLASS ACTION COMPL.

received by knowingly participating in ERISA violations described herein of TLIC."); Count VII ¶ 8 (same).  TLIC separately has moved to dismiss those claims on grounds that it was not a fiduciary for purposes of the conduct alleged in the Complaint.  *See* TLIC Br. Section II.  Because the ERISA claims asserted against TIM and TAM are derivative of the claims asserted against TLIC, to the extent TLIC succeeds in dismissing Counts IV and VII, those same claims also must be dismissed as to TIM and TAM.

### III. COUNTS IV & VII SHOULD BE DISMISSED AS TO TIM AND TAM FOR THE ADDITIONAL REASONS THAT THEY SEEK RELIEF THAT IS UNAVAILABLE UNDER ERISA § 502(a)(3).

The Complaint asserts claims against TIM and TAM (Counts IV & VII) under ERISA § 502(a)(3), which authorizes courts to remedy violations of statutory or plan provisions by granting injunctions or "other appropriate equitable relief."  But the relief Plaintiffs seek against those defendants is monetary.  Compl., Count IV ¶ 8 & Count VII ¶ 8.

The Supreme Court has recognized that, "[a]lmost invariably," suits "seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' [which] are, of course, the classic form of legal relief.'" *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 151 L. Ed. 2d 635, 643, 122 S. Ct. 708, 713 (2002) (citations omitted).  Such money damages are not available under § 502(a)(3).  *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1075-1076 (9th Cir. 2009) (denying plaintiffs' request that defendants "make good" losses stemming from defendants' fiduciary breaches because such relief would be monetary, not equitable relief under ERISA § 502(a)(3)), *cert. denied*, 175 L. Ed. 2d 882, 130 S. Ct. 1053 (2010); *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 317 F. App'x 169, 171 (3d Cir. 2009) ("[D]emands for monetary compensation that are not addressed to a particular fund cannot be brought pursuant to this section.  Such demands constitute

legal, rather than equitable, remedies.").[4]

While Plaintiffs may nonetheless attempt to shoehorn their requested relief within the ambit of equitable restitution, Supreme Court precedent makes clear that Plaintiffs cannot successfully do so given their own allegations. In *Great-West*, the Supreme Court directly held that equitable restitution is available only "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the [non-fiduciary's] possession." 534 U.S. at 213, 151 L. Ed. 2d at 645, 122 S. Ct. at 714 (emphasis added). But the Complaint discloses that plaintiffs are not seeking recovery of specific funds in the Defendants' possession that properly belong to the Plan. They are instead seeking broad recovery of the fees "that they received by knowingly participating in the ERISA violations described herein of TLIC." Compl., Count IV, ¶ 8; *see also* Count VII, ¶ 8.

By their very nature, such fees cannot be traced to Plaintiffs' respective plans. Plaintiffs allege, for example, that TIM and TAM received fees for management of the mutual funds within several of TLIC's separate account options. Compl. ¶¶ 299-300. As a matter of securities law, mutual fund shares must be sold and redeemed on the basis of their "net asset value," which is calculated by deducting the mutual fund's operating expenses and fees from the current market value of the funds' portfolio of securities. 15 U.S.C. § 80a-22; 29 Fed. Reg. 19100, 19101 (Dec. 30, 1964) (codified as amended at 17 C.F.R. § 270.2a-4(a)(4) (2012)). Thus, mutual fund fees and expenses—including a fund's investment management fees—must be paid out of the mutual fund's corpus because the amount of those

---

[4] The Supreme Court recently indicated in *CIGNA v. Amara*, 179 L. Ed. 2d 843, 131 S. Ct. 1866 (2011), that the equitable remedy of "surcharge" may be available under ERISA § 502(a)(3) against a breaching fiduciary. In doing so, however, the Court pointed to the "critical difference" between fiduciary and non-fiduciary defendants. *Id.* at 858, 131 S. Ct. at 1880. Here, the Complaint does not allege that TIM or TAM are plan fiduciaries but instead seeks liability against them solely for participating as non-fiduciaries in TLIC's alleged breaches.

fees and expenses is inherent in the price charged to all mutual fund shareholders.[5] Under ERISA, the assets of a mutual fund are ***not*** plan assets. ERISA § 401(b)(1), 29 U.S.C. § 1101(b)(1) (providing that when an ERISA plan invests in a security issued by a mutual fund, or "investment company," "the assets of such plan shall be deemed to include such security but shall not, solely by reason of such investment, be deemed to include any assets of such investment company."); *Hecker v. Deere & Co.*, 556 F.3d 575, 584 (7th Cir. 2009) (holding the payments to plan service providers by mutual funds were not plan assets because the "fees were drawn from the assets of the mutual funds in question, which, as [ERISA] provides, are not assets of the Plans."), *cert. denied*, 175 L. Ed. 2d 973, 130 S. Ct. 1141 (2010).[6] Thus, the investment management fees that TIM and TAM received from the mutual funds included in TLIC separate accounts cannot, as a matter of law, be traced to any plan.

Nor can Plaintiffs trace any assets TIM and TAM received from the collective investment trusts included in TLIC separate accounts to Plaintiffs' plans. As the Complaint alleges, collective investment trusts are "pooled investment vehicle[s]," meaning that they contain the commingled assets of numerous different investors. Compl. ¶ 119. Thus, there is no way to tie a payment out of a collective investment trust to the investment by any particular investor. Moreover, even if TIM and TAM received payments from the TLIC separate accounts themselves, rather than the underlying investments, those payments still could not be traced to any particular plan. As the Complaint itself makes clear: "Each of the separate accounts receives investments from many different 401(k) plans operated by TLIC and therefore TLIC is pooling assets together from the multiple different 401(k)

---

[5] Mutual funds are permitted to charge some limited fees, such as redemption fees to prevent short-term trading, to individual shareholder accounts.

[6] Consistent with the provision that mutual fund assets are not plan assets, ERISA § 3(21)(B), 29 U.S.C. § 1002(21)(B), provides that a mutual fund, its investment adviser and its principal underwriter are not fiduciaries of plans that invest in the mutual fund.

plans operated by TLIC." *Id.* ¶ 133.

Finally, even if TIM or TAM at one time received fees that could be traced to one of Plaintiffs' plans, Plaintiffs do not direct their demands for monetary relief to any specifically identifiable account or other res in TIM or TAM's possession. *See Pepsi Bottling Group, Inc. v. Thomas,* NO. C10-54MJP, 2010 U.S. Dist. LEXIS 66410 (W.D. Wash. July 1, 2010) (rejecting claim for equitable relief under ERISA where "the issue is whether there is a specifically identifiable fund" in defendant's possession); *Baker v. Chin & Hensolt, Inc.*, No. C-09-4168, 2010 WL 1222783, *3-4 (N.D. Cal. Mar. 24, 2010 )(rejecting claim for equitable restitution where plaintiff had not identified the particular funds or property to which he claimed he was entitled in defendants' possession).[7]

Accordingly, Plaintiffs have not (and cannot have) plausibly alleged that the challenged fees paid to TIM and TAM are either specifically identifiable within TIM's or TAM's assets or traceable to Plaintiffs' plans and thus have not pled the facts necessary to state a plausible claim under § 502(a)(3). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, Counts IV and VII should be dismissed.

## CONCLUSION

For the foregoing reasons, TIM and TAM respectfully request that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

---

[7] *See also Calhoon v. TWA*, 400 F.3d 593, 597 (8th Cir. 2005) (monetary relief is equitable only where the money sought is "specifically identifiable" and can "clearly be traced to particular funds or property in the defendant's possession"); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 103 (2d Cir. 2005) (insurance premiums paid to an HMO were not subject to equitable restitution because they were placed into the insurer's general accounts, not segregated); *In re Unisys Corp. Retiree Med. Benefits*, MDL Docket No. 969, 2007 WL 2071876, at *14 (E.D. Pa. July 16, 2007) ("[S]ince they cannot identify the particular property that belongs to them, [plaintiffs] are seeking the same relief as every claimant who seeks monetary damages: money that they believe belongs to them."); *Aetna Life Ins. Co. v. DFW Sleep Diagnostics Ctr.*, 2004 WL 1922033, at *5 (E.D. La. Aug. 25 2004) (requested moneys had been "dissipated or commingled with other funds received from various other payors or sources" and thus were not "specifically identifiable").

NOT. & MEM. IN SUPP. OF DEFS.' TRANSAMERICA INV. MGMT. LLC AND TRANSAMERICA ASSET MGMT., INC. MOT. TO DIS. CLASS ACTION COMPL.

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | Dated: May 29, 2012 | S/ AMY J. LONGO |
| | | BRIAN BOYLE |
| 5 | | BBOYLE@OMM.COM |
| | | SHANNON BARRETT |
| 6 | | SBARRETT@OMM.COM |
| | | THERESA GEE |
| 7 | | TGEE@OMM.COM |
| | | O'MELVENY & MYERS LLP |
| 8 | | 1625 EYE STREET, NW |
| | | WASHINGTON, D.C. 20006-4001 |
| 9 | | TELEPHONE:    (202) 383-5300 |
| | | FACSIMILE:    (202) 383-5414 |
| 10 | | |
| 11 | | AMY J. LONGO |
| | | ALONGO@OMM.COM |
| 12 | | CHRISTOPHER B. CRAIG |
| | | CHRISTOPHERCRAIG@OMM.COM |
| 13 | | O'MELVENY & MYERS LLP |
| | | 400 SOUTH HOPE STREET |
| 14 | | LOS ANGELES, CA 90071-2899 |
| | | TELEPHONE:    (213) 430-6000 |
| 15 | | FACSIMILE:    (213) 430-6407 |
| 16 | | ATTORNEYS FOR DEFENDANTS |
| | | TRANSAMERICA LIFE INSURANCE |
| 17 | | COMPANY, TRANSAMERICA |
| | | INVESTMENT MANAGEMENT, |
| 18 | | LLC, AND TRANSAMERICA ASSET |
| | | MANAGEMENT, INC. |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |