LYNN L. SARKO (Pro Hac Vice)
lsarko@kellerrohrback.com
MIKE WOERNER (Pro Hac Vice)
mwoerner@kellerrohrback.com
DEREK LOESER (Pro Hac Vice)
dloeser@kellerrohrback.com
GRETCHEN S. OBRIST (Pro Hac Vice)
KELLER ROHRBACK L.L.P.
gobrist@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

SHARON T. HRITZ (S.B. #265105)
shritz@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1129 State Street, Suite 8
Santa Barbara, CA 93101-6760
Telephone: (805) 456-1496
Facsimile: (805) 456-1497

ROBERT L. LAKIND (Pro Hac Vice)
rlakind@szaferman.com
ARNOLD C. LAKIND (Pro Hac Vice)
alakind@szaferman.com
MARK A. FISCHER (Pro Hac Vice)
mfisher@szaferman.com
ROBERT E. LYTLE (Pro Hac Vice)
rlytle@szaferman.com
ROBERT G. STEVENS, JR. (Pro Hac Vice)
rstevens@szaferman.com
SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road
Lawerenceville, NJ 08648
Telephone: (609) 275-0400
Facsimile: (609) 275-4511

Attorneys for Plaintiffs Jaclyn Santomenno,
Karen Poley, and Barbara Poley

JOINT REPORT OF COUNSEL PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND
LOCAL RULE 26-1

ROBERT ECCLES (Pro Hac Vice)
reccles@omm.com
BRIAN BOYLE (S.B. #126576)
bboyle@omm.com
SHANNON BARRETT (Pro Hac Vice)
sbarrett@omm.com
THERESA GEE (S.B. #136241)
tgee@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

AMY J. LONGO (S.B. #198304)
alongo@omm.com
CHRISTOPHER B. CRAIG (S.B. #257108)
christophercraig@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants Transamerica Life
Insurance Company, Transamerica Investment
Management, LLC and Transamerica Asset
Management, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACLYN SANTOMENNO, KAREN POLEY, and BARBARA POLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRANSAMERICA LIFE INSURANCE COMPANY, TRANSAMERICA INVESTMENT MANAGEMENT, LLC, and TRANSAMERICA ASSET MANAGEMENT, INC., <br><br> Defendants. | Case No. 2:12-cv-02782-DDP-MAN <br><br> Hon. Dean D. Pregerson <br><br> **JOINT REPORT OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-1** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Local Rule 26-1, and the Court's Order of May 21, 2012, counsel for plaintiffs and putative class representatives Jaclyn Santomenno, Karen Poley, and Barabara Poley ("Plaintiffs"); and defendants Transamerica Life Insurance Company ("TLIC"), Transamerica Investment Management, LLC ("TIM"), and Transamerica Asset Management, Inc. ("TAM"), (collectively, "Defendants"; with Plaintiffs, the "Parties") jointly submit this Rule 26(f) Joint Report. The Parties held a meeting by telephone on July 9, 2012. Arnold Lakind, Robert Lakind, Gretchen Obrist, Derek Loeser, and Danielle Disporto attended the meeting for Plaintiffs. Shannon Barrett, Amy Longo, and Carmen Ramirez attended the meeting for Defendants.

## I. BRIEF SUMMARY OF THE CASE.

### A. Plaintiffs' Description

Plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (Counts I to VII) and under the Investment Advisers Act of 1940 ("IAA") (Counts VIII and IX).

Transamerica Life Insurance Company operates defined contribution plans (*i.e.*, 401(k) plans) for employers, in which participants of these plans (referred to in the Complaint as the "Plaintiff Plans") invest their retirement savings. TLIC provides the Plaintiff Plans with investment options, each of which is referred to as a separate account investment option, in which participants of the Plaintiff Plans invest their retirement assets. Plaintiffs allege that, as a result of the range of services it provided and its authority and control over plan assets, TLIC was a fiduciary to the Plaintiffs Plans, and that certain fees Plaintiffs paid through the separate account investment options violated ERISA §§ 404 and 406.

TIM and TAM, which are affiliates of TLIC, are Defendants in this case because they received some of the fees that Plaintiffs allege were paid in violation of ERISA.

Plaintiffs' IAA claim alleges that TLIC tendered investment advice to them

without registering with the SEC, a violation of IAA § 203. TLIC charged Plaintiffs an "Investment Management" fee for this advice and, pursuant to IAA § 215, Plaintiffs seek recovery of this fee.

### B. Defendants' Description

Plaintiffs are three individuals who, among them, participated in two 401(k) plans offered by their employers as plan sponsors. Those plans contracted with TLIC, which provides services to plans and provides investment options from which plans choose to offer to their participants. Plaintiffs seek to represent a class consisting of the more than 15,000 ERISA plans that have engaged TLIC to provide a variety of retirement plan services, and in addition, all participants in those 15,000 plans. Defendants contend that certification of a class, and in particular, certification of the multi-plan class alleged by Plaintiffs is inappropriate. Defendants further contend that none of the Defendants were ERISA fiduciaries with respect to the conduct challenged in the operative complaint, that none of them received fees in violation of ERISA, and that the fees incurred in connection with the investment options offered by TLIC were properly disclosed, authorized, and reasonable in light of the services provided. Defendants also deny that Plaintiffs are entitled to relief under the IAA.

## II. SUBJECTS OF DISCOVERY

Plaintiffs anticipate discovery as to the following:

- TLIC's fiduciary status, including the Fiduciary Management Program, Fiduciary Warranty, Investment Monitor, Separate Accounts, Advice Solutions, and Group Annuity Contracts;
- TLIC's investment options, including changes thereto and the authority to add and/or delete investment options; and
- TLIC's, TIM's and TAM's fees (and changes thereto), and the services provided for such fees, including but not limited to investment management, administrative, record keeping, and revenue sharing.

Defendants anticipate discovery as to the following:

- Plaintiffs' participation in their respective plans;
- plan sponsors' decision-making in structuring plans;
- role of financial advisors in selecting TLIC; and
- Plaintiffs' use of plan investment options and services.

### III. PRETRIAL SCHEDULE

#### A. Discovery Plan and Pretrial Schedule

##### 1. Plaintiffs' Proposal

Plaintiffs propose a case schedule that follows the time-tested default procedures provided for by the Federal Rules of Civil Procedure and the Manual for Complex Litigation. In a departure from these standards, Defendants seek to file a pre-discovery "Motion to Strike Class Allegations," just two weeks after the pending Motions to Dismiss are resolved, accompanied by an effort to bifurcate class certification from merits discovery. Plaintiffs believe that due to the overlapping nature of the class certification inquiry and the merits of this case, substantial discovery is necessary before Plaintiffs move for class certification.

Motions to strike class allegations are disfavored for being premature end-runs around Rule 23 and they are, effectively, attempts to deny class certification. Plaintiffs believe that, for the efficiency of the parties and the Court, as well as for procedural integrity and an orderly adjudication of Rule 23 issues, Class Certification should be briefed only once, and at a date after which Plaintiffs have an opportunity for discovery. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942-43 (9th Cir. 2009) (allowing motion to deny class certification only because it was considered when nearly all discovery was complete, just three weeks before discovery cutoff); *In re Apple, AT & T iPad Unlimited Data Plan Litig.*, C-10-02553, 2012 WL 2428248 (N.D. Cal. June 26, 2012) ("motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations"); *Algee v.*

*Nordstrom, Inc.*, 2012 WL 1575314, at *2 (N.D. Cal. May 3, 2012) motion for relief from judgment denied, 2012 WL 1919134 (N.D. Cal. May 25, 2012) (holding that "discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action" and noting particular need "when the information is within the sole possession of the defendant") (internal quotations omitted); *Clark v. Sprint Spectrum L.P.*, No. 10-9702, 2011 WL 835487, at *3 (C.D. Cal. Mar. 7, 2011) (denying motion to strike class allegations and holding that the defendants' "motion is premature given that discovery is in the early stages, no Rule 16 conference has occurred, and plaintiff has not filed a motion for class certification"). Plaintiffs therefore ask the Court to include in its scheduling order a provision that Defendants shall hold in abeyance any motion to strike Plaintiffs' class allegations until the date on which Plaintiff will move for class certification, as set forth below.

Defendants appear to believe that separate motions to strike and class certification briefing are necessary because it is inappropriate for Plaintiffs to seek to represent a class that includes the plans they are in and other plans subject to the same abuse by the same fiduciary. This, however, is false. Numerous courts have validated precisely what Plaintiffs seek to do here. *In re Principal U.S. Property Account ERISA Litig.*, 274 F.R.D. 649, 653 (S.D. Iowa 2011) (holding that plaintiff has standing to represent a class of plans and noting abundant authority that "an individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans"; citing, among other authorities, *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998); *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101 (5th Cir. 1993)) (internal quotations omitted).

In addition, briefing a motion to strike class allegations prior to Plaintiffs' filing of a motion for class certification will be inefficient and cause the parties to engage these issues twice—the first time with only Defendants in possession of the

JOINT REPORT OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND LOCAL RULE 26-1

relevant facts.

Defendants' proposal for discovery also is inappropriate. Defendants contend that discovery should be strictly limited until after their motion to strike is decided. Specifically, Defendants only would be required to produce certain Defendant-selected "categories" of documents pertaining to the Named Plaintiffs' plans. Defendants further tip the scales by also requiring depositions of Named Plaintiffs and entities involved with the Named Plaintiffs' plans prior to the production of any meaningful document discovery in the case. This approach is unfair and unworkable because it prevents access to the very documents that demonstrate the "general practices which affect all of the plans"—that is, the facts that justify a class of plans.

While Defendants contend they are not seeking to bifurcate class and merits discovery—an effort that most courts have rejected as unworkable, *see, e.g.*, *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery."), in fact they are engaging in an extreme version of just that. The fact that they build their "phased" approach around a motion to strike instead of a class certification motion is a distinction without a difference. The result is the same. One phase of discovery to address class certification-related arguments, and then another phase to address the merits. Because the parties have very different positions on what discovery will be necessary to respond to Defendants' motion to strike, Defendants' approach will invite the same types of disputes that have caused courts to reject bifurcation of class and merits discovery.[1]

---

[1] Defendants complain that Plaintiffs have not "proposed to Defendants any modifications" to their "categories" of discovery and "did not raise any concerns" about them "before the date of this filing." *See infra* at 9. Plaintiffs saw Defendants' "categories" for the first time in Defendants' draft provided Thursday, July 19, 2012, and objected at that time, as described herein. Defendants miss the larger point, however. The Federal Rules do not grant them the unilateral right to narrow or dictate the scope of discovery. Defendants' categories—whatever they

JOINT REPORT OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND LOCAL RULE 26-1

Accordingly, Plaintiffs propose the following case schedule:

- Fact discovery will commence on the earlier of (i) September 1, 2012 or (ii) the Court's ruling on Defendants' Motions to Dismiss (which will be fully briefed by August 20, 2012), whichever is earlier ("Discovery Initiation Date").

- The Parties will serve Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C) within fourteen (14) days of the Discovery Initiation Date, and written discovery requests may be served on the Discovery Initiation Date.

- Assuming a trial date in March 2014, fact discovery will be completed by November 22, 2013 ("Discovery Closure"). In any event, the Discovery Closure will be at least one-hundred and twenty (120) days before trial.

- Plaintiffs shall file their Motion for Class Certification on April 30, 2013. Defendants may file a Motion to Strike Class Allegations or a Motion to Deny Class Certification no earlier than April 30, 2013. Alternatively, Defendants may present these arguments in opposition to Plaintiffs' Motion for Class Certification.

- Defendants shall have until July 1, 2013 to file their Brief in Opposition to Plaintiffs' Motion for Class Certification. Plaintiffs shall have until July 1, 2013 to file their Brief in Opposition to any Motion by Defendants to Strike Class Allegations or Deny Class Certification.

- Plaintiffs shall have until August 30, 2013 to file their reply brief in support of Class Certification. Defendants shall have until August 30,

---

are—would do just that. Plaintiffs have no obligation to bet against themselves by asking Defendants to modify their self-serving "categories" that rest, in the first instance, on the false premise that phasing discovery is appropriate or justified in this case.

JOINT REPORT OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND LOCAL RULE 26-1

2013 to file any reply brief in support of striking class allegations or denying Class Certification.

- To the extent that any party relies upon an expert opinion in support of any class certification brief, that expert's opinion must be disclosed on or before the date the brief is filed.
- The parties shall exchange Expert Reports on July 16, 2013.
- Responsive Expert Rebuttal Reports shall be due on August 30, 2013.
- Deposition of Experts shall be completed by October 15, 2013. In any event, expert depositions shall be completed at least one month before the Discovery Closure.
- Dispositive motions to be served at least ninety (90) days before the date of trial.

### 2. Defendants' Proposal

A principal difference between Plaintiffs' and Defendants' proposed pre-trial schedules is that Defendants seek, in the event Defendants' pending Motions to Dismiss are denied in part or in whole, to file an early Motion to Strike Class Allegations with respect to plans in which Plaintiffs themselves have not participated. The thrust of that motion will be that Plaintiffs, as participants in two discrete plans (the "Named Plaintiffs' Plans"), cannot represent a class of thousands of distinct plans, and the participants in thousands of such plans, in which Plaintiffs have not participated and with which they have no other alleged connection. While Plaintiffs challenge that proposition, the Court does not, of course, need to resolve the merits of Defendants' intended Motion to Strike Class Allegations in order to determine whether the Motion may be asserted early in the litigation. What is significant here is that the motion will pose a purely legal question that may be decided on the pleadings, and, if granted, would substantially reduce the scope of discovery and the size of this litigation.[2] *Chen-Oster v. Goldman, Sachs & Co.*, No.

---

[2] Notably, one of the cases Plaintiffs cite for the proposition that they may maintain

10-6950, 2012 WL 2912741, *2 (S.D.N.Y. July 17, 2012) ("[A] motion to strike that addresses issues separate and apart from the issues that will be decided on a class certification motion is not procedurally premature.") (citation omitted). For example, granting the Motion to Strike Class Allegations would eliminate the need for the Court to evaluate the over 100 investment options that Plaintiffs purport to challenge but that the Named Plaintiffs' Plans did not include. (Compare Class Action Complaint and Jury Demand ¶¶ 206-08 with ¶ 241.)

Under such circumstances, courts routinely allow pre-discovery motions to strike class allegations because it would be inefficient to allow discovery to proceed when there is a purely legal bar to the suit. *See, e.g., Vinole v. Countrywide Home Loans Inc.,* 571 F.3d 935, 940 (9th Cir. 2008)[3] ("A defendant may move to deny class certification before a plaintiff files a motion to certify" and "district courts throughout the nation have considered defendants' 'preemptive' motions to deny certification") (collecting cases); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 (D.N.J. 2003) ("A defendant may move to strike class action allegations prior to discovery . . . where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met"). Such motions are particularly appropriate when, as here, the legal argument against class certification is that it would contravene a legal bar against class treatment of the action—such as a plaintiffs' lack of statutory standing to bring suit on behalf of the purported class. *See Vervaecke v. Chiles, Heider & Co., Inc.*, 578 F.2d 713, 720 (8th Cir. 1978)

---

a class of plans, *In re Principal U.S. Property Account ERISA Litig.,* 274 F.R.D. 649, was a dismissal decision, underscoring the legal nature of this type of argument.

[3] Although Plaintiffs attempt to distinguish *Vinole* on the basis that there was some discovery before the defendants filed their motion to strike, the decision flatly contradicts Plaintiffs' position that all certification issues should await their filing of a motion to certify the class. Indeed, the Ninth Circuit stressed that district courts can and should resolve certification questions "at an early practicable time." 571 F.3d at 940 (quoting Fed. R. Civ. P. 23(c)(1)(A)). And the *Vinole* court recognized that, when there is a legal deficiency in plaintiffs' effort to assert class claims, the issue of class certification may be properly decided before *any* discovery occurs. *Id*. at 942.

(striking class allegations where plaintiff sought to represent class relating to bond issue in which he had not traded); *see also In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 607-08 (S.D.N.Y. 2006) (dismissing class claims on behalf of sixty-eight funds because named plaintiffs owned no shares in them); *Covillo v. Specialtys Café,* No. 11-594, 2011 WL 6748514 at *6 (N.D. Cal. Dec. 22, 2011) ("[C]lass allegations may be stricken at the pleading stage." (quoting *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 212 (9th Cir.1975)).

In the interest of efficiency, Defendants intend to file their Motion to Strike Class Allegations within two weeks of the Court's resolution of the dismissal motions and no later than October 29, 2012 (and are willing to do so earlier).[4] Defendants propose that discovery be limited during the pendency of that motion to issues concerning the two Named Plaintiffs' Plans. Contrary to Plaintiffs' suggestion, Defendants do not ask the Court to limit discovery during this period according to a distinction between "merits" and "class certification" discovery. Rather, Defendants have identified a series of broad but concrete categories of permissible discovery during the early period tailored to allow significant discovery as to the Named Plaintiffs' Plans while avoiding discovery that the Motion to Strike Class Allegations, if successful, would render irrelevant. Plaintiffs have not proposed to Defendants any modifications to those categories and did not raise any concerns with Defendants concerning the sufficiency or clarity of the specific categories identified in Defendants' proposed schedule before the date of this filing.[5] Once the Motion to Strike Class Allegations is decided, Plaintiffs would still have an opportunity to take both merits and class-certification-related discovery before filing their own Motion for Class Certification; that discovery

---

[4] Defendants have proposed postponing their Motion to Strike Class Allegations until after resolution of the pending Motions to Dismiss for the practical reason that the granting of those motions will avoid the need for any briefing on class issues. If the Court prefers, however, Defendants are prepared to file their Motion to Strike Class Allegations at an earlier time, should the Court direct Defendants to do so.
[5] Defendants identified their proposed categories on July 19, 2012, in response to Plaintiffs' initial draft of this report, circulated on July 18, 2012.

would merely be limited to the type of class action the Court determines is not precluded as a matter of law.  Contrary to Plaintiffs' suggestion, such phasing of discovery is specifically contemplated by the Federal Rules of Civil Procedure[6] and will promote efficiency by avoiding potentially unnecessary discovery efforts while still allowing significant discovery during the short period that the motion to strike class allegations is being briefed and decided.

      Plaintiffs nonetheless seek to forestall the filing of Defendants' Motion to Strike Class Allegations until Plaintiffs file their own Motion for Class Certification.  And they seek, in the interim, to be able to take unbounded discovery, including discovery as to the more than 15,000 plans that the Motion to Strike Class Allegations would, if successful, exclude from this litigation.  Finally, Plaintiffs seek to delay the filing of the Motion for Class Certification for several months beyond the standard three-month period from the filing of the complaint provided under Local Rules.  (*See* Local Rule 23-3.)[7]  Plaintiffs' proposal would eviscerate the efficiencies offered by a Motion to Strike Class Allegations.  Contemporaneous briefing of both the Motion to Strike Class Allegations and the Motion for Class Certification would not spare the parties or the Court any effort.  To the contrary, it would inherently require that the parties separately address, and the Court consider, the propriety of a 15,000 plan class in both motions.  In contrast, granting an early Motion to Strike Class Allegations would allow the Parties to limit briefing on a subsequent Motion for Class Certification to the issue of whether Plaintiffs can represent a class of participants in the two Named Plaintiffs' Plans.  Plaintiffs' proposal, moreover, would subject Defendants to

---

[6] *See* Rule 26(f)(3)(B)(specifying the Rule 26(f) report should address "whether discovery should be conducted in phases or be limited to or focused on particular issues"); Rule 26(b)(2)(c) (instructing that a court "must" limit discovery in certain circumstances).  *See also* Manual for Complex Litigation § 11.422 at 54 (4th ed. 2004).

[7] On May 21, 2012, the Court, on stipulation by the parties, excused compliance with Local Rule 23-3 and provided that the deadline for class certification would be addressed in the parties' Rule 26(f) report.

10                   JOINT REPORT OF COUNSEL PURSUANT
                     TO FEDERAL RULE OF CIVIL PROCEDURE
                     26(F) AND LOCAL RULE 26-1

months of expensive discovery that could be avoided by prompt consideration of a narrow issue of law. Accordingly, Defendants propose that discovery and related pre-trial proceedings be phased as follows:

Defendants have filed two Motions to Dismiss. Fact discovery will commence upon the resolution of both of those motions, or October 15, 2012 (two weeks after the scheduled hearing on the Motions to Dismiss), whichever is earlier (the "Discovery Initiation Date"). The Parties will serve Initial Disclosures pursuant to FRCP 26(a)(1)(C) within fourteen (14) days of the Discovery Initiation Date, and written discovery requests may be served on the Discovery Initiation Date.

If the Court denies Defendants' Motions to Dismiss in part or in whole, Defendants intend to file the Motion to Strike Class Allegations. Defendants propose that Defendants will have fourteen (14) days from the Discovery Initiation Date to file such a motion. Until the Motion to Strike Class Allegations is resolved, discovery will be limited to:

- communications and contracting materials relating to the named Plaintiffs' Plans;
- materials concerning the participation of the three named Plaintiffs in the Plans, including communications provided to them, their investment histories within the plans and their access to and use of plan services;
- reports concerning the Named Plaintiffs' Plans; and
- depositions of the named Plaintiffs, individuals assigned to the accounts for the Named Plaintiffs' Plans; financial advisors responsible for those plans; and individuals from the entities sponsoring those plans responsible for the management or administration of either of those plans, including but not limited to, individuals responsible for the retention of Defendant TLIC and

selection of investments for those plans.

If Defendants fail to file the Motion to Strike Class Allegations within the fourteen (14) day period after the Discovery Initiation date, no such limitations would apply.

The remainder of the discovery schedule would be dictated by the Court's resolution of the Motion to Strike Class Allegations, as follows:

- all discovery will conclude on the date ten (10) calendar months after the date of the Court's final Order on the Motion to Strike Class Allegations ("Discovery Closure");
- expert discovery, including any depositions, will conclude by the Discovery Closure;
- the Parties must serve expert reports on the merits no later than ninety (90) days before the Discovery Closure, and must serve rebuttal reports on the merits no later than forty-five (45) days before the Disclosure Closure.

As to dispositive motions:

- the Parties will file any dispositive or partially dispositive motions forty-five days (45) from the date of Discovery Closure; and
- the case shall be ready for trial one hundred and twenty (120) days from the completion of briefing of dispositive motions.

As to Class Certification, if the Court denies the Motion to Strike Class Allegations in whole or in part:

- Plaintiffs shall file their Motion for Class Certification ninety (90) days after the Court's resolution of the Motion to Strike Class Allegations;
- Defendants shall file their Opposition to Class Certification sixty (60) days after Plaintiffs' filing; and
- Plaintiffs shall file their Reply in Support of Class Certification sixty (60) days after Defendants' Opposition.

- The Parties may rely upon expert opinion in supporting or opposing class certification. To the extent that any party relies upon an expert opinion in support of any brief concerning class certification, that expert's opinion must be disclosed on or before the date the brief is filed.

If Defendants fail to file the Motion to Strike Class Allegations within the fourteen (14) day period after the Discovery Initiation date, the dates above running from the resolution of the Motion to Strike Class Allegations would run from the date sixty (60) days after that motion would have been due.

### B. Deadline to Amend or Add Parties

The Parties do not currently anticipate the addition of new parties.

Plaintiffs propose that the deadline to amend or add parties will be April 30, 2013, coinciding with Plaintiffs' proposed deadline to file their Motion for Class Certification. Defendants propose that the deadline to amend or add parties will be February 1, 2013.

### C. Changes to Limitations on Discovery.

The Plaintiffs propose that the Parties will be bound by the limitations on discovery imposed by the Federal Rules of Civil Procedure as to Interrogatories. Regarding depositions, Plaintiffs initially proposed that the Parties may take up to thirty (30) depositions per side. Defendants proposed twenty (20). Plaintiffs thereafter proposed twenty-five (25) depositions per side as a compromise, but Defendants did not agree. Plaintiffs stand by their compromise proposal of up to twenty-five (25) fact depositions per side, *i.e.*, up to twenty-five (25) depositions for all Plaintiffs combined, and up to twenty-five (25) depositions for all Defendants combined. The Defendants propose that the Parties may take up to twenty (20) fact depositions per side, *i.e.*, up to twenty (20) depositions for all Plaintiffs combined, and up to twenty (20) depositions for all Defendants combined.

The Parties agree that they will meet and confer in good faith on changing the presumptive limits set by the Court if they prove inadequate, with a strong commitment to resolving such matters without a need for Court intervention.

### D. Treatment of Privileged and Confidential Materials

In light of the personally and commercially sensitive information that may be subject to discovery, the Parties are negotiating a stipulation and proposed protective order to be submitted to the Court before the Discovery Initiation Date.

### E. Discovery/E-Discovery.

The Parties anticipate that discovery will include electronically stored information, and have agreed to negotiate in good faith issues concerning the disclosure of such information as they arise.

## IV. OTHER ISSUES DISCUSSED PURSUANT TO LOCAL RULE 26-1.

### A. Complex Litigation Procedures.

The Parties agree that the procedures generally provided in the Federal Rules of Civil Procedure, as supplemented by the Manual For Complex Litigation, where appropriate, are applicable to this case, particularly with regard to any certified class(es).

### B. Dispositive and Partially Dispositive Motions Schedule.

Plaintiffs reserve the right to file one or more motions for summary judgment.

Defendants anticipate filing a Motion to Strike Class Allegations and one or more motions for summary judgment.

The proposed deadlines for these motions are set forth in Section III above.

### C. Settlement and ADR.

The Parties agree that it is too early to evaluate the likelihood of settlement of this matter. The Parties agree, however, that ADR Procedure No. 3 under Local Rule 16-15 should be utilized at an appropriate time. Specifically, the Parties agree

that private mediation should be utilized. The Parties agree that mediation is unlikely to be productive before resolution of the pending Motions to Dismiss, and Plaintiffs believe some discovery is necessary before mediation occurs.

### F. Trial Estimate.

The Parties preliminarily estimate that trial will require four to eight weeks, depending the nature of the class(es), if any, certified by the Court for trial, and the resolution of dispositive motions.

Dated: July 23, 2012

_S/ AMY J. LONGO_
ROBERT ECCLES
reccles@omm.com
BRIAN BOYLE
bBOYLE@omm.com
SHANNON BARRETT
sbarrett@omm.com
THERESA GEE
tgee@omm.com
O'MELVENY & MYERS LLP
1625 EYE STREET, NW
WASHINGTON, D.C. 20006-4001
TELEPHONE:   (202) 383-5300
FACSIMILE:   (202) 383-5414

AMY J. LONGO
alongo@omm.com
CHRISTOPHER B. CRAIG
christophercraig@omm.com
O'MELVENY & MYERS LLP
400 SOUTH HOPE STREET
LOS ANGELES, CA 90071-2899
TELEPHONE:   (213) 430-6000
FACSIMILE:   (213) 430-6407

ATTORNEYS FOR DEFENDANTS TRANSAMERICA LIFE INSURANCE COMPANY, TRANSAMERICA INVESTMENT MANAGEMENT, LLC, AND TRANSAMERICA ASSET MANAGEMENT, INC.

JOINT REPORT OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND LOCAL RULE 26-1

| | | |
|---|---|---|
| | Dated: July 23, 2012 | S/ Gretchen S. Obrist |

LYNN L. SARKO (Pro Hac Vice)
lsarko@kellerrohrback.com
MIKE WOERNER (Pro Hac Vice)
mwoerner@kellerrohrback.com
DEREK LOESER (Pro Hac Vice)
dloeser@kellerrohrback.com
GRETCHEN S. OBRIST (Pro Hac Vice)
KELLER ROHRBACK L.L.P.
gobrist@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

SHARON T. HRITZ (S.B. #265105)
shritz@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1129 State Street, Suite 8
Santa Barbara, CA 93101-6760
Telephone: (805) 456-1496
Facsimile: (805) 456-1497

ROBERT L. LAKIND (Pro Hac Vice)
rlakind@szaferman.com
ARNOLD C. LAKIND (Pro Hac Vice)
alakind@szaferman.com
MARK A. FISCHER (Pro Hac Vice)
mfisher@szaferman.com
ROBERT E. LYTLE (Pro Hac Vice)
rlytle@szaferman.com
ROBERT G. STEVENS, JR. (Pro Hac Vice)
rstevens@szaferman.com
SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road
Lawerenceville, NJ 08648
Telephone: (609) 275-0400
Facsimile: (609) 275-4511

Attorneys for Plaintiffs Jaclyn Santomenno,
Karen Poley, and Barbara Poley