1  ROBERT ECCLES (Pro Hac Vice)
   beccles@omm.com
2  BRIAN BOYLE (S.B. #126576)
   bboyle@omm.com
3  SHANNON BARRETT (Pro Hac Vice)
   sbarrett@omm.com
4  THERESA GEE (S.B. #136241)
   tgee@omm.com
5  O'MELVENY & MYERS LLP
   1625 Eye Street, NW
6  Washington, D.C. 20006-4001
   Telephone:  (202) 383-5300
7  Facsimile:   (202) 383-5414

8  AMY J. LONGO (S.B. #198304)
   alongo@omm.com
9  CHRISTOPHER B. CRAIG (S.B. #257108)
   christophercraig@omm.com
10 O'MELVENY & MYERS LLP
   400 South Hope Street
11 Los Angeles, CA  90071-2899
   Telephone:  (213) 430-6000
12 Facsimile:   (213) 430-6407

13 Attorneys for Defendants Transamerica Life
   Insurance Company, Transamerica Investment
14 Management, LLC and Transamerica Asset
   Management, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN SANTOMENNO, KAREN POLEY, and BARBARA POLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRANSAMERICA LIFE INSURANCE COMPANY, TRANSAMERICA INVESTMENT MANAGEMENT, LLC, and TRANSAMERICA ASSET MANAGEMENT, INC., <br><br> Defendants. | Case No.  2:12-cv-02782-DDP-MAN <br><br> Hon. Dean D. Pregerson <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT TRANSAMERICA INVESTMENT MANAGEMENT, LLC AND TRANSAMERICA ASSET MANAGEMENT, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT** <br><br> **HEARING: OCTOBER 1, 2012** <br> **TIME: 10:00 AM** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 1

    A.    Plaintiffs Have Not Pled, And Cannot Plead, the Traceability of Assets to the Plaintiffs' Plans. ................................................................. 3

    B.    Plaintiffs Have Not Specifically Identified Any Recoverable Assets in TIM's or TAM's Possession ................................................. 6

CONCLUSION ................................................................................................................. 8

-i-

REPLY MEM. IN SUPP. OF DEFS. TRANSAMERICA
INV. MGMT. LLC AND TRANSAMERICA ASSET
MGMT., INC.'S MOT. TO DIS. CLASS ACTION COMPL.

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................. 6

*Bilyeu v. Morgan Stanley Long Term Disability Plan,*
    683 F.3d 1083 (9th Cir. 2012) ..................................................................... 2, 3, 7

*CGI Techs and Soln's v Rose,*
    683 F.3d 1113 (9th Cir. 2012) ............................................................................. 2

*Fier v. Unum Life Ins. Co. of Am.,*
    No. 06-cv-01162-RLH-LRL, 2009 U.S. Dist. LEXIS 102223 (D. Nev. Nov. 3, 2009) ...................................................................................................... 2, 3, 7

*Great-West Life & Annuity Ins. Co. v. Knudson,*
    534 U.S. 204 (2002) .......................................................................................... 2, 3

*Haddock v. Nationwide Fin. Servs. Inc.,*
    419 F. Supp. 2d 156 (D. Conn. 2006) ................................................................. 5

*Hecker v. Deere & Co.,*
    556 F.3d 575 (7th Cir. 2009) ....................................................................... 4, 5, 6

*IATSE Local 33 Section 401(k) Plan Board of Trustees v. Bullock,*
    No. CV 08-3949, 2008 WL 4838490 (C.D. Cal. Nov. 5, 2008) ......................... 5

*Kaufman v. Unum Life Ins. Co. of Am.,*
    834 F. Supp. 2d 1186 (D. Nev. 2011) ................................................................. 3

*Kayes v. Pac. Lumber,*
    51 F.3d 1449 (9th Cir. 1995) ............................................................................... 5

*Landwehr v. Dupree,*
    72 F.3d 736 (9th Cir. 1995) ............................................................................. 6, 7

*Leimkuehler v. Am. United Life Insur. Co.,*
    752 F. Supp. 2d 974 ............................................................................................. 6

*Martorello v. Sun Life Assur. Co.,*
    No. 09-0912, 2009 U.S. Dist. LEXIS 61935 (N.D. Cal. July 17, 2009) .......... 4, 7

*Mertens v. Permanente Med. Group Long Term Disability Plan,*
    No. 10-1475, 2010 U.S. Dist. LEXIS 131085 (N.D. Cal. Dec. 10, 2010) ........... 3

*Patelco Credit Union v. Sahni,*
    262 F.3d 897 (9th Cir. 2001) ............................................................................... 5

*Sereboff v. Mid Atl. Med. Servs.,*
    547 U.S. 356 (2006) ............................................................................................ 2

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Shirk v. Fifth Third Bancorp,*
  N. 05-cv-049, 2008 WL 4449024 (S.D. Ohio Sept. 26, 2008) ............................ 5

*Taylor v. United Techs. Corp.,*
  No. 3:06cv1494, 2009 U.S. Dist. LEXIS 19059 (D. Conn. Mar. 3, 2009) .......... 5

**STATUTES**

ERISA § 3(21)(B), 29 U.S.C. § 1002(21)(B) ............................................................ 5

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ................................................... 1, 2, 6, 7

ERISA § 401(b), 29 U.S. § 1101(b)(1) ................................................................. 4, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. § 12(b)(6) ..................................................................................... 5, 8

- iii -

REPLY MEM. IN SUPP. OF DEFS. TRANSAMERICA INV. MGMT. LLC AND TRANSAMERICA ASSET MGMT., INC.'S MOT. TO DIS. CLASS ACTION COMPL.

## INTRODUCTION

Plaintiffs' Opposition to Defendants' Motions to Dismiss ("Pls'. Op.") does nothing to salvage their claims against Defendants Transamerica Investment Management, LLC ("TIM") and Transamerica Asset Management, Inc. ("TAM"). As an initial matter, Plaintiffs do not dispute that the claims against TIM and TAM depend on a finding that Transamerica Life Insurance Company ("TLIC") engaged in prohibited transactions in which TIM and TAM participated. *See* Pls.' Op. at 42. Consequently, Plaintiffs' prohibited transaction claims against TIM and TAM fail for the reasons described in TLIC's separate motion to dismiss. *See* Mem. in Supp. of Defendant Transamerica Life Insurance Company's Mot. to Dismiss Class Action Compl. (Dkt. # 103).

Further, even if Plaintiffs' claims against TLIC were to survive dismissal, their claims against TIM and TAM for non-fiduciary liability would still fail because, as Plaintiffs' Opposition confirms, Plaintiffs cannot establish a right to "appropriate equitable relief," the only relief permitted against non-fiduciaries under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Although Plaintiffs purport to seek equitable restitution, Pls.' Op. at 42, the Supreme Court has expressly held that a claim for that remedy requires both the specific identification and traceability of recoverable assets in a defendant's possession. Not only have Plaintiffs failed to plead those requirements, the Complaint makes clear they cannot be met.

Accordingly, Plaintiffs' claims against TIM and TAM should be dismissed in their entirety.

## ARGUMENT

Because Plaintiffs do not contest that their prohibited transaction claims against TIM and TAM are wholly dependent on their claims against TLIC, TIM and TAM will confine their Reply to the unavailability of a claim under ERISA § 502(a)(3).

While Plaintiffs cite authorities for the proposition that non-fiduciaries may

1  be liable for equitable relief under § 502(a)(3), 29 U.S.C. § 1132(a)(3),[1] the
2  proposition does not help them here because they have not alleged the elements of
3  any equitable claim.  The only equitable remedy that Plaintiffs even purport to seek
4  is equitable restitution.  But, as the Supreme Court made clear in *Great-West Life &*
5  *Annuity Ins. Co. v. Knudson*, that remedy is only available where plaintiffs seek to
6  recover monies that are both (1) specifically identifiable; and (2) traceable to the
7  plaintiffs' plan.  534 U.S. 204, 213 (2002) (equitable restitution available only
8  "where money or property identified as belonging in good conscience to the
9  plaintiff could clearly be traced to particular funds or property in the [non-
10 fiduciary's] possession").  *See* Mem. in Supp. of Def. TIM and TAM's Mot. to
11 Dismiss Class Action Compl. ("TIM/TAM Mem.") at 3-6.  The monies Plaintiffs
12 seek meet neither requirement, and amount to little more than a claim against TIM
13 and TAM's general assets.  Such a claim seeks only legal relief, which § 502(a)(3)
14 does not permit.  *See Fier v. Unum Life Ins. Co. of Am.*, No. 06-cv-01162-RLH-
15 LRL, 2009 U.S. Dist. LEXIS 102223, *39 (D. Nev. Nov. 3, 2009).
16        In response, Plaintiffs primarily rely on *CGI Techs and Soln's v Rose*, 683
17 F.3d 1113 (9th Cir. 2012), which Plaintiffs read to suggest that this Court has
18 "'broad' powers in administering traditional equitable relief" that permit it to
19 essentially ignore *Great-West* and its progeny.  Pls.' Opp. at 43-44.  *CGI* did not
20 involve equitable restitution or address its requirements, among other distinctions.
21 Indeed, in *CGI*, there was no dispute that an equitable remedy was available.
22 However, the relief involved was an equitable lien by agreement, *CGI Techs and*
23 *Soln's,* 683 F.3d  at 1119, which, as the Supreme Court explained in *Sereboff v. Mid*
24 *Atl. Med. Servs.*, 547 U.S. 356, 364-65 (2006), is an entirely different equitable
25 remedy.  An equitable lien by agreement—which Plaintiffs do not purport to
26 seek—requires an agreement by the defendant to pay plaintiff the particular funds
27 in question.  *See Bilyeu v. Morgan Stanley Long Term Disability Plan,* 683 F.3d
28 

---

[1] Pls.' Opp. at 42-43.

1083, 1091 n.3 (9th Cir. 2012); *Fier,* 2009 U.S. Dist. LEXIS 102223, *37 ("[T]o recover an overpayment by asserting an equitable lien by agreement, Unum must show an ***agreement*** in which Fier promised to reimburse Unum for the overpayment at issue.") (emphasis in original); *Mertens v. Permanente Med. Group Long Term Disability Plan,* No. 10-1475, 2010 U.S. Dist. LEXIS 131085, *12-13 (N.D. Cal. Dec. 10, 2010) (quoting *Sereboff's* distinction "between equitable restitution, for which strict tracing of the proceeds is required, from an 'equitable lien by agreement'" for which it is not). Plaintiffs do not even suggest the existence of such an agreement here. And, while an equitable lien by agreement may not require the traceability of assets, a claim for equitable restitution unquestionably does. *See Great West,* 534 U.S. at 213; *see also, e.g., Kaufman v. Unum Life Ins. Co. of Am.*, 834 F. Supp. 2d 1186, 1197-98 (D. Nev. 2011) (holding that, absent an express agreement to repay, "the strict tracing rules found in Great-West" prohibit recovery unless an alleged overpayment can " be traced to particular funds or property in the defendant's possession.")[2]

### A.   Plaintiffs Have Not Pled, And Cannot Plead, the Traceability of Assets to the Plaintiffs' Plans.

Unable to avoid the requirement of traceability, Plaintiffs contend both that they have adequately pled traceability and that it should not be decided on a motion to dismiss. The allegations Plaintiffs cite, however, do not address traceability at all. Of the four cited paragraphs, the first two merely identify TIM and TAM as investment advisor or subadvisor of certain investment options; the third states that they are affiliates of TLIC; and the last alleges that they received fees "from Plaintiffs['] investments into these investment options." Compl. ¶¶ 338-41. None of the paragraphs describe any fees TIM or TAM received that are traceable to any

---

[2] As the Ninth Circuit recently held in *Bilyeu*, an equitable lien by agreement does require the specific identification of assets, distinct from the recipient's general assets, in the recipient's possession, just as an equitable claim for restitution does. 683 F.3d at 1092-93.

1  particular plans, let alone identify the specific plans in which the named Plaintiffs
2  participated.

3  Other paragraphs in Plaintiffs' Complaint, in turn, directly refute the
4  traceability of assets, making discovery into the issue pointless and dismissal fully
5  appropriate. *See, e.g.*, Opp. Br. at 3:5-7; *see also Martorello v. Sun Life Assur. Co.*,
6  No. 09-0912, 2009 U.S. Dist. LEXIS 61935, *3 (N.D. Cal. July 17, 2009) (granting
7  motion to dismiss where claimant did not specifically allege "some identifiable
8  fund that can be traced," despite claimant's argument that it could not allege
9  specific facts until discovery). Plaintiffs themselves contend that TIM's and
10 TAM's fees come from the Plans' investment options. Pls.' Opp. at 45. And the
11 Complaint alleges not only that the separate account investment options invested in
12 mutual funds and other commingled vehicles, Compl. ¶¶ 110, 114, 119, but also
13 that the separate accounts themselves were pooled investments containing the
14 commingled assets of numerous plan investors. *See, e.g.*, *id.* ¶ 133 ("Each of the
15 separate accounts receives investments from many different 401(k) plans operated
16 by TLIC and therefore TLIC is pooling assets together from the multiple different
17 401(k) plans operated by TLIC."). Given the fungibility of money, Plaintiffs'
18 acknowledgment of the commingled nature of the separate account investment
19 options precludes any possible tracing of the fees that TIM and TAM received from
20 those options back to Plaintiffs' Plans.

21 Further, while not necessary to the dismissal of Plaintiffs' claims against
22 TIM and TAM, the fees TIM and TAM received for managing mutual funds within
23 the separate accounts are not traceable to Plaintiffs' Plans because they do not even
24 come from plan assets. Rather, as explained in TIM and TAM's initial brief,
25 TIM/TAM Mem. at 5, those fees necessarily came from the corpora of the mutual
26 funds themselves, and, as a matter of law, a mutual fund's assets are not plan assets.
27 *See* ERISA § 401(b), 29 U.S. § 1101(b)(1); *Hecker v. Deere & Co.*, 556 F.3d 575,
28 584 (7th Cir. 2009) (holding, in affirming the dismissal of claims, that the payments

to plan service providers by mutual funds were not plan assets because the "fees were drawn from the assets of the mutual funds in question, which as [ERISA] provides, are not assets of the Plans.").

Plaintiffs respond by arguing that the term "plan asset" should be interpreted broadly and that whether an asset is a plan asset is an issue of fact. But the Ninth Circuit case law that Plaintiffs rely on expressly involved whether assets in the hands of a fiduciary belong to the fiduciary or to the plan. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 908 (9th Cir. 2001) (addressing whether proceeds paid to fiduciary on stop-loss insurance policy used to ensure payment of plan benefits constituted plan assets); *Kayes v. Pac. Lumber*, 51 F.3d 1449, 1467 (9th Cir. 1995) (addressing whether fiduciary's pledge of contingent interest in plan's surplus as collateral constituted a use of plan assets).[3] That case law does not address the nature of assets held by non-fiduciaries like TIM and TAM, and does not remotely override ERISA's express provision that mutual fund assets are not plan assets.[4] Notably, *Hecker,* in which the Seventh Circuit held that investment management fees paid by mutual funds to a non-fiduciary in the same role as TIM and TAM were not plan assets, affirmed dismissal under Rule 12. 556 F.3d at 584; *see also,*

---

[3] The defendant's purported status as a fiduciary was also critical to the plan asset question in *Haddock v. Nationwide Fin. Servs. Inc.*, 419 F. Supp. 2d 156 (D. Conn. 2006), another case cited by Plaintiffs. *See id* at 170 (fees received by plan service provider from mutual funds would only be plan assets if defendant received the fees "as a result of its status as a fiduciary or its exercise of fiduciary discretion or authority."); *Taylor v. United Techs. Corp.,* No. 3:06cv1494, 2009 U.S. Dist. LEXIS 19059, *31-32 (D. Conn. Mar. 3, 2009) (finding that mutual fund payments were not plan assets under first prong of *Haddock* test, where recipient was not a fiduciary).

[4] Plaintiffs do cite one out-of-circuit district court decision in which a magistrate suggested that an investment adviser could be deemed to be controlling plan assets by virtue of managing an investment backed by mutual funds. *See Shirk v. Fifth Third Bancorp,* N. 05-cv-049, 2008 WL 4449024 (S.D. Ohio Sept. 26, 2008). The *Shirk* court's reasoning, however, is inconsistent not only with the plain terms of ERISA § 401(b), but also with ERISA § 3(21)(B), 29 U.S.C. § 1002(21)(B), which provides that mutual funds and their advisers are neither fiduciaries nor parties in interest to the plans that invest in them. *See IATSE Local 33 Section 401(k) Plan Board of Trustees v. Bullock*, No. CV 08-3949, 2008 WL 4838490 (C.D. Cal. Nov. 5, 2008) (applying ERISA §3(21)(B) to dismiss prohibited transaction claims against investment adviser to mutual fund because investment adviser was neither a plan fiduciary or a party in interest).

- 5 -

REPLY MEM. IN SUPP. OF DEFS. TRANSAMERICA INV. MGMT. LLC AND TRANSAMERICA ASSET MGMT., INC.'S MOT. TO DIS. CLASS ACTION COMPL.

*Leimkuehler v. Am. United Life Insur. Co.,* 752 F. Supp. 2d 974, 988 (applying *Hecker* to dismiss § 502(a)(3) claims in separate account case and holding that claim was precluded "to the extent that it is based on [defendant's] receipt of shared revenue from mutual funds because 29 U.S.C. § 1101(b)(1) and *Hecker* declare that share revenue that is distributed from expense-ratio fees that are paid from mutual funds' assets do not constitute plan assets."). Following that directly analogous authority, Plaintiffs' claims against TIM and TAM should, at a minimum, be dismissed to the extent that they seek the recovery of fees that TIM and TAM received from mutual funds within the separate accounts.

### B. Plaintiffs Have Not Specifically Identified Any Recoverable Assets in TIM's or TAM's Possession.

Finally, even if Plaintiffs could establish that TIM and TAM at one time received monies traceable to Plaintiffs' Plans, their equitable restitution claims still fail because Plaintiffs do not direct their demands for money to any specifically identifiable res in TIM's or TAM's possession. Plaintiffs do not even contend that they have, offering instead only vague speculation—unsupported by any alleged facts or even logic—that TIM and TAM "no doubt kept records of the funds they collected[.]" Pls.' Opp. at 45. But even if such conjecture were a sufficient substitute for alleged facts—which it is not, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)—the mere assertion that *some* records must exist does not support an inference that TIM and TAM tracked particular dollars into particular, segregated accounts or that those monies remain segregated and specifically identifiable in such accounts today.

Plaintiffs seek to overcome this deficiency by relying on the Ninth Circuit's decision in *Landwehr v. Dupr*ee, 72 F.3d 736 (9th Cir. 1995), which Plaintiffs cite for the proposition that the mere transfer of funds from a plan to a non-fiduciary's account creates a presumption that any funds in the account belong to the plan. Plaintiffs, however, have not identified any particular account, and, in any event,

- 6 -

REPLY MEM. IN SUPP. OF DEFS. TRANSAMERICA
INV. MGMT. LLC AND TRANSAMERICA ASSET
MGMT., INC.'S MOT. TO DIS. CLASS ACTION COMPL.

1 *Landwehr* predates *Great-West*'s clear mandate that an equitable restitution claim under ERISA § 502(a)(3) must seek the recovery of particular funds or property in the defendant's possession. 534 U.S. 213-14. Tellingly, Plaintiffs do not cite a single post-*Great West* case applying the presumption mentioned in *Landwehr*.[5]

In contrast, numerous cases, including cases in this Circuit, have recognized and applied the requirement that plaintiffs suing for equitable restitution under § 502(a)(3) must specifically identify the assets they seek to recover, and not merely direct their claims to a defendant's general assets or accounts. TIM/TAM Mem. at 6 & n.7 (citing cases). Plaintiffs attempt to distinguish a subset of those cases on grounds that they sought amounts paid to third parties or failed to measure damages by the ill-gotten gains received by the defendants. But courts in other cases have applied the specific identification requirement in cases seeking to recover precise sums that plaintiffs have allegedly paid to defendants. *See, e.g., Fier,* 2009 U.S. Dist. LEXIS 102223, *39 (denying equitable restitution claim for alleged overpayments where claimant "fails to identify particular property in [the counterclaim-defendant's] possession as an equitable restitution claim requires"); *Martorello*, 2009 U.S. Dist. LEXIS 61935, *3 (granting motion to dismiss where claimant did not allege "the existence of [a] specifically identifiable fund that contains the alleged overpayments …, and which is directly traceable" to opposing party"). Plaintiffs offer no response to those cases and thus no reason for this Court to reach a contrary conclusion.

In sum, Plaintiffs: (1) have not plausibly alleged the elements of traceability and specifically identifiable assets necessary for equitable restitution; and (2) have

---

[5] Plaintiffs' reliance on *Landwehr* is particularly inappropriate in light of the Ninth Circuit's recent decision in *Bilyeu*. Relying in part on *Great-West*, the Ninth Circuit held that a claimant could not prevail on an equitable claim under ERISA where the assets it sought had been spent, leaving only a claim against the opposing party's general assets. 683 F.3d at 1091-92. Further, contrary to Plaintiffs' use of *Landwehr*, the Ninth Circuit in *Bilyeu* stated that the "burden to show that the overpay[ment] remained in [the recipient's] possession presumably falls on the [claimant.]" *Id.* at *1094 n.5.

- 7 -

REPLY MEM. IN SUPP. OF DEFS. TRANSAMERICA
INV. MGMT. LLC AND TRANSAMERICA ASSET
MGMT., INC.'S MOT. TO DIS. CLASS ACTION COMPL.

not identified any other equitable remedy that could provide the monetary relief they seek. Accordingly, Counts IV and VII against TIM and TAM should be dismissed.

## CONCLUSION

For the foregoing reasons, TIM and TAM respectfully request that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

Dated: August 20, 2012

S/ AMY J. LONGO
ROBERT ECCLES
beccles@omm.com
BRIAN BOYLE
BBOYLE@OMM.COM
SHANNON BARRETT
SBARRETT@OMM.COM
THERESA GEE
TGEE@OMM.COM
O'MELVENY & MYERS LLP
1625 EYE STREET, NW
WASHINGTON, D.C. 20006-4001
TELEPHONE: (202) 383-5300
FACSIMILE: (202) 383-5414

AMY J. LONGO
ALONGO@OMM.COM
CHRISTOPHER B. CRAIG
CHRISTOPHERCRAIG@OMM.COM
O'MELVENY & MYERS LLP
400 SOUTH HOPE STREET
LOS ANGELES, CA 90071-2899
TELEPHONE: (213) 430-6000
FACSIMILE: (213) 430-6407

ATTORNEYS FOR DEFENDANTS
TRANSAMERICA LIFE INSURANCE
COMPANY, TRANSAMERICA
INVESTMENT MANAGEMENT,
LLC, AND TRANSAMERICA ASSET
MANAGEMENT, INC.

- 8 -

REPLY MEM. IN SUPP. OF DEFS. TRANSAMERICA
INV. MGMT. LLC AND TRANSAMERICA ASSET
MGMT., INC.'S MOT. TO DIS. CLASS ACTION COMPL.