ROBERT ECCLES (*pro hac vice*)
*reccles@omm.com*
BRIAN BOYLE (S.B. #126576)
*bboyle@omm.com*
SHANNON BARRETT (*pro hac vice*)
*sbarrett@omm.com*
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:  (202) 383-5300
Facsimile:   (202) 383-5414

CATALINA J. VERGARA (S.B. #223775)
*cvergara@omm.com*
MATTHEW C. HIPP (S.B. #248679)
*mhipp@omm.com*
CHRISTOPHER B. CRAIG (S.B. #257108)
*christophercraig@omm.com*
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN SANTOMENNO, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, *et al.*,<br><br>                    Defendants. | Case No. 2:12-cv-02782-DDP-MAN<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Judge:         Hon. Dean D. Pregerson |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Transamerica Life Insurance Company ("TLIC"), Transamerica Investment Management, LLC ("TIM"), and Transamerica Asset Management, Inc. ("TAM") (collectively, "Defendants") hereby answer Plaintiffs' Class Action Complaint ("Complaint") pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure as follows:

## GENERAL DENIALS

Except as expressly admitted below, Defendants deny each and every allegation against them and deny liability to Plaintiffs.  With respect to those allegations in the Complaint that specify no applicable time period, Defendants have answered as of the present date.

Plaintiffs include in their Complaint lettered and numbered headings purporting to characterize certain actions or events.  Because the headings and subheading are not set forth in numbered paragraphs, they are not properly pleaded facts, and no response is necessary.  To the extent that Plaintiffs have included headings or impertinent materials that are inappropriate under Rules 8 and 12(f) of the Federal Rules of Civil Procedure, no response is necessary, and any such inappropriate material should be stricken.  To the extent Plaintiffs' headings or subheadings purport to state facts to which a response is required, Defendants deny each and every such allegation.  Due to the length of the Complaint, Plaintiffs' headings are repeated below, solely for organizational purposes.  Defendants specifically deny, and do not adopt, the characterizations set forth in these organizational headings and subheadings.

Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

**RESPONSES TO SPECIFIC ALLEGATIONS**

In addition to and incorporating the above general denials, Defendants further answer the numbered paragraphs in the Complaint as follows:

**I.     NATURE AND SUMMARY OF CLAIMS**

    **A.     Overview—ERISA Claims**

1.     Answering paragraph 1 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that Plaintiffs purport to assert their claims under ERISA; admit that Defendants sell group annuity contracts to the sponsors of certain 401(k) plans; and except as admitted, deny each and every allegation in said paragraph.

2.     Answering paragraph 2 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that the QualCare Alliance Networks, Inc. Retirement Plan (the "QualCare Plan") and the Gain Capital Group, LLC 401(k) Plan (the "Gain Plan") are employer-sponsored defined contribution retirement plans subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.; and except as admitted, deny each and every allegation in said paragraph.

3.     Answering paragraph 3 of the Complaint, Defendants admit that Plaintiffs purport to assert their claims on behalf of the participants and beneficiaries of certain employee benefit plans, but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

4.     Answering paragraph 4 of the Complaint, Defendants admit that Plaintiffs K. Poley and B. Poley were participants in the QualCare Plan as of

1   December 31, 2010; and except as admitted, deny each and every allegation in said
2   paragraph.

3       5.      Answering paragraph 5 of the Complaint, Defendants admit that
4   Plaintiff Santomenno was a participant in the Gain Plan until December 2010; and
5   except as admitted, deny each and every allegation in said paragraph.

6       6.      Answering paragraph 6 of the Complaint, Defendants admit that TLIC
7   provides investment options to ERISA-covered employee benefit plans through
8   group annuity contracts; and except as admitted, deny each and every allegation in
9   said paragraph.

10      7.      Answering paragraph 7 of the Complaint, Defendants admit that the
11  group annuity contracts marketed by TLIC include a package of investment
12  options; admit that TLIC markets the group annuity contracts to employers; and
13  except as admitted, deny each and every allegation in said paragraph.

14      8.      Answering paragraph 8 of the Complaint, Defendants deny that TLIC
15  was operating  401(k) plans or managing assets in separate account investment
16  options; and except as so denied, admit each and every allegation in said paragraph.

17      9.      Answering paragraph 9 of the Complaint, Defendants deny each and
18  every allegation in said paragraph.

19      10.     Answering paragraph 10 of the Complaint, Defendants admit that, in
20  general, TLIC's fees under its group annuity contracts are correlated to the amount
21  of assets invested under those contracts; and except as admitted, deny each and
22  every allegation in said paragraph.

23      11.     Answering paragraph 11 of the Complaint, Defendants deny each and
24  every allegation in said paragraph.

25      12.     Answering paragraph 12 of the Complaint, Defendants deny each and
26  every allegation in said paragraph.

27      13.     Answering paragraph 13 of the Complaint, Defendants admit that plan
28  sponsors have the opportunity to select the investment options to be included in a

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1  particular group annuity contract; and except as admitted, deny each and every

2  allegation in said paragraph.

3       14.    Answering paragraph 14 of the Complaint, Defendants deny each and

4  every allegation in said paragraph.

5       15.    Answering paragraph 15 of the Complaint, Defendants admit that,

6  pursuant to the terms of the group annuity contracts with individual plan sponsors,

7  TLIC may add to the investment options it offers under the contract or delete an

8  investment option from those it offers under the contract subject to the advance

9  notice provisions specified in the contracts, which speak for themselves; and except

10  as admitted deny each and every allegation in said paragraph.

11       16.    Answering paragraph 16 of the Complaint, Defendants admit that

12  Plaintiffs K. Poley and B. Poley were participants in the QualCare Plan as of

13  December 31, 2010; admit that the QualCare Plan included 36 investment options

14  as of December 31, 2010; and except as admitted, deny each and every allegation in

15  said paragraph.

16       17.    Answering paragraph 17 of the Complaint, Defendants admit that

17  Plaintiff Santomenno was a participant in the Gain Plan until December 2010;

18  admit that the Gain Plan included 46 investment options as of December 31, 2010;

19  and except as admitted, deny each and every allegation in said paragraph.

20       18.    Answering paragraph 18 of the Complaint, Defendants state that the

21  allegations are statements of Plaintiffs' legal position, to which no response is

22  required; to the extent such allegations require a response, Defendants admit that

23  Plaintiffs purport to base their allegations on the QualCare Plan and Gain Plan;

24  admit that Plaintiffs purport to assert their claims on behalf of certain employee

25  plans, but deny that class certification is appropriate; and except as admitted, deny

26  each and every allegation in said paragraph.

27

28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

19.     Answering paragraph 19 of the Complaint, Defendants admit that certain of the investment options TLIC offers are separate accounts; and except as admitted, deny each and every allegation in said paragraph.

20.     Answering paragraph 20 of the Complaint, Defendants admit that certain of the investment options TLIC offers are separate accounts; and except as admitted, deny each and every allegation in said paragraph.

21.     Answering paragraph 21 of the Complaint, Defendants admit that certain of the separate accounts offered as investment options through TLIC's group annuity contracts invest in mutual funds; and except as admitted, deny each and every allegation in said paragraph.

22.     Answering paragraph 22 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position or assert conclusions of law to which no response is required.

23.     Answering paragraph 23 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

24.     Answering paragraph 24 of the Complaint, Defendants admit that Plaintiffs purport to assert their claims on behalf of the participants or beneficiaries of certain employee benefit plans, but deny that class certification is appropriate; admit that Plaintiffs seek the relief described; and except as admitted, deny each and every allegation in said paragraph.

25.     Answering paragraph 25 of the Complaint, Defendants admit that Plaintiffs purport to assert their claims on behalf of certain employee benefit plans, but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

**B.     Overview—Investment Advisers Act of 1940 Direct Claims**

26.     Answering paragraph 26 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' Investment Advisers Act ("IAA") claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

27.     Answering paragraph 27 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

28.     Answering paragraph 28 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

29.     Answering paragraph 29 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

30.     Answering paragraph 30 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

31.     Answering paragraph 31 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

32.     Answering paragraph 32 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

1   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

2   to Dismiss (Dkt. 137), and that no response is required.

3          33.    Answering paragraph 33 of the Complaint, Defendants state that these

4   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

5   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

6   to Dismiss (Dkt. 137), and that no response is required.

7          34.    Answering paragraph 34 of the Complaint, Defendants state that these

8   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

9   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

10   to Dismiss (Dkt. 137), and that no response is required.

11          35.    Answering paragraph 35 of the Complaint, Defendants state that these

12   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

13   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

14   to Dismiss (Dkt. 137), and that no response is required.

15          36.    Answering paragraph 36 of the Complaint, Defendants state that these

16   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

17   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

18   to Dismiss (Dkt. 137), and that no response is required.

19          37.    Answering paragraph 37 of the Complaint, Defendants state that these

20   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

21   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

22   to Dismiss (Dkt. 137), and that no response is required.

23          38.    Answering paragraph 38 of the Complaint, Defendants state that these

24   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

25   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

26   to Dismiss (Dkt. 137), and that no response is required.

27          39.    Answering paragraph 39 of the Complaint, Defendants state that these

28   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

1   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

2   to Dismiss (Dkt. 137), and that no response is required.

3       40.    Answering paragraph 40 of the Complaint, Defendants state that these

4   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

5   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

6   to Dismiss (Dkt. 137), and that no response is required.

7       41.    Answering paragraph 41 of the Complaint, Defendants state that these

8   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

9   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

10  to Dismiss (Dkt. 137), and that no response is required.

11      42.    Answering paragraph 42 of the Complaint, Defendants state that these

12  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

13  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

14  to Dismiss (Dkt. 137), and that no response is required.

15      43.    Answering paragraph 43 of the Complaint, Defendants state that these

16  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

17  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

18  to Dismiss (Dkt. 137), and that no response is required.

19      **C.    Overview—Investment Advisory [*sic*] Act Derivative Claims**

20      44.    Answering paragraph 44 of the Complaint, Defendants state that these

21  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

22  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

23  to Dismiss (Dkt. 137), and that no response is required.

24      45.    Answering paragraph 45 of the Complaint, Defendants state that these

25  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

26  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

27  to Dismiss (Dkt. 137), and that no response is required.

28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

46.   Answering paragraph 46 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

47.   Answering paragraph 47 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

48.   Answering paragraph 48 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

49.   Answering paragraph 49 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

50.   Answering paragraph 50 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

51.   Answering paragraph 51 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

52.   Answering paragraph 52 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

53.     Answering paragraph 53 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

## II.     THE PARTIES

### A.     Plaintiffs

54.     Answering paragraph 54 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that the QualCare Plan and the Gain Plan are employer-sponsored defined contribution retirement plans subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*; admit that TLIC provides investment options and recordkeeping services to the QualCare Plan and Gain Plan; admit that Plaintiffs purport to assert their claims on behalf of certain employee benefit plans, but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

55.     Answering paragraph 55 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that Plaintiffs K. Poley and B. Poley were participants in the QualCare Plan as of December 31, 2010; admit that Santomenno was a participant in the Gain Plan until December 2010; admit that TLIC provides investment options and recordkeeping services to the QualCare Plan and Gain Plan; admit that Plaintiffs purport to assert their claims on behalf of the participants of certain employee benefit plans, but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

56.     Answering paragraph 56 of the Complaint, Defendants admit that Plaintiffs K. Poley and B. Poley were participants in the QualCare Plan as of

December 31, 2010; admit that Plaintiffs purport to assert their claims on behalf of certain employee benefit plans, but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

57.   Answering paragraph 57 of the Complaint, Defendants admit that Plaintiff Santomenno was a participant in the Gain Plan until December 2010; admit that Plaintiffs purport to assert their claims on behalf of certain employee benefit plans, but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

58.   Answering paragraph 58 of the Complaint, Defendants admit that Plaintiffs purport to file this action as a derivative action; admit that Plaintiffs purport to assert their claims on behalf of certain employee benefit plans, but deny that class certification is appropriate; admit that Plaintiffs seek the relief described; and except as admitted, deny each and every allegation in said paragraph.

59.   Answering paragraph 59 of the Complaint, Defendants admit that Plaintiffs purport to assert their claims on behalf of the participants or beneficiaries of certain employee benefit plans, but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

60.   Answering paragraph 60 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

61.   Answering paragraph 61 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

**B.     Defendants**

62.   Answering paragraph 62 of the Complaint, Defendants deny that TLIC is engaged in the business of operating group annuity contracts or acting as

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

an investment adviser; admit that TLIC is a corporation incorporated under the laws of the State of Iowa; admit that TLIC's business includes issuing group annuity contracts to plan sponsors of defined contribution plans (i.e., 401(k) plans) in each of the United States, except for the State of New York, and administering said contracts; admit TLIC markets its group annuity contract product to employers; admit that TLIC's principal place of business is located at 4333 Edgewood Road NE, Cedar Rapids, IA 52499; and except as admitted, deny each and every allegation in said paragraph.

63.   Answering paragraph 63 of the Complaint, Defendants state that TIM was a limited liability company formed under the laws of the State of Delaware; state that TIM no longer operates as a business; admit that TIM's principal place of business was previously located at 11111 Santa Monica Boulevard, Suite 820, Los Angeles, CA 90025; and except as admitted, deny each and every allegation in said paragraph.

64.   Answering paragraph 64 of the Complaint, Defendants admit that TAM is a corporation incorporated under the laws of the State of Florida; admit that TAM's business includes acting as an adviser to certain mutual funds in which certain separate accounts available as investment options through the group annuity contracts issued to the QualCare Plan and Gain Plan might invest; admit that TAM's principal place of business is located at 570 Carillon Parkway, St. Petersburg, FL 33716; and except as admitted, deny each and every allegation in said paragraph.

## III.   JURISDICTION AND VENUE

65.   Answering paragraph 65 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' ERISA claims.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

66.     Answering paragraph 66 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

67.     Answering paragraph 67 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny that venue would be proper in the District of New Jersey.

## IV.   THE LAW

### A.     ERISA

68.     Answering paragraph 68 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants admit that 29 U.S.C. § 1001(a) sets forth Congressional findings related to benefits plans as affecting interstate commerce and the Federal taxing power and refer to the statute for its specific terms; and except as admitted, deny each and every allegation in said paragraph.

69.     Answering paragraph 69 of the Complaint, Defendants admit each and every allegation therein.

70.     Answering paragraph 70 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants admit that 29 U.S.C. § 1002(34) defines the term "defined contribution plan" as it relates to ERISA and refer to the statute for its specific terms; and except as admitted, deny each and every allegation in said paragraph.

71.     Answering paragraph 71 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants admit that the 401(k) plans that TLIC services are subject to ERISA; admit that the contractual relationships among

1   the plan sponsor, the plan, and TLIC are governed by a group annuity contract and

2   services agreement; state that the terms of the group annuity contract and services

3   agreement speak for themselves; and except as admitted, deny each and every

4   allegation in said paragraph.

5        72.   Answering paragraph 72 of the Complaint, Defendants state that said

6   paragraph asserts conclusions of law to which no response is required; to the extent

7   such allegations require a response, Defendants admit that 29 U.S.C. § 1002(21)

8   defines the term "fiduciary" as it relates to ERISA and refer to the statute for its

9   specific terms; and except as admitted, deny each and every allegation in said

10  paragraph.

11       73.   Answering paragraph 73 of the Complaint, Defendants state that said

12  paragraph asserts conclusions of law to which no response is required; to the extent

13  such allegations require a response, Defendants admit that 29 U.S.C. § 1104(a)

14  describes the "prudent man standard of care" as it relates to fiduciary duties under

15  ERISA and refer to the statute for its specific terms; and except as admitted, deny

16  each and every allegation in said paragraph.

17       74.   Answering paragraph 74 of the Complaint, Defendants state that said

18  paragraph asserts conclusions of law to which no response is required; to the extent

19  such allegations require a response, Defendants admit that 29 U.S.C. § 1104(a)

20  describes the "prudent man standard of care" as it relates to fiduciary duties under

21  ERISA and refer to the statute for its specific terms; and except as admitted, deny

22  each and every allegation in said paragraph.

23       75.   Answering paragraph 75 of the Complaint, Defendants state that said

24  paragraph asserts conclusions of law to which no response is required; to the extent

25  such allegations require a response, Defendants admit that plan fiduciaries are

26  responsible under ERISA for determining the reasonableness of fees and expenses

27  charged in connection with plan investments, but otherwise deny each and every

28  allegation in said paragraph, and specifically deny that they had fiduciary

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1   responsibility for determining the reasonableness of the fees and expenses they

2   charged to the Plaintiffs' plans.

3       76.   Answering paragraph 76 of the Complaint, Defendants state that said

4   paragraph asserts conclusions of law to which no response is required; to the extent

5   such allegations require a response, Defendants deny each and every allegation in

6   said paragraph.

7       77.   Answering paragraph 77 of the Complaint, Defendants state that said

8   paragraph asserts conclusions of law to which no response is required; to the extent

9   such allegations require a response, Defendants admit that 29 U.S.C. § 1106

10  describes "prohibited transactions" under ERISA and refer to the statute for its

11  specific terms; and except as admitted, deny each and every allegation in said

12  paragraph.

13      78.   Answering paragraph 78 of the Complaint, Defendants state that said

14  paragraph asserts conclusions of law to which no response is required; to the extent

15  such allegations require a response, Defendants admit that 29 U.S.C. § 1106

16  describes "prohibited transactions" under ERISA and refer to the statute for its

17  specific terms; and except as admitted, deny each and every allegation in said

18  paragraph.

19      79.   Answering paragraph 79 of the Complaint, Defendants state that said

20  paragraph asserts conclusions of law to which no response is required; to the extent

21  such allegations require a response, Defendants admit that 29 U.S.C. § 1106

22  describes "prohibited transactions" under ERISA and refer to the statute for its

23  specific terms; and except as admitted, deny each and every allegation in said

24  paragraph.

25      80.   Answering paragraph 80 of the Complaint, Defendants state that said

26  paragraph asserts conclusions of law to which no response is required; to the extent

27  such allegations require a response, Defendants admit that 29 U.S.C. § 1109

28  describes liability for breaches of fiduciary duty under ERISA and refer to the

- 15 -

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1   statute for its specific terms; and except as admitted, deny each and every allegation

2   in said paragraph.

3         81.    Answering paragraph 81 of the Complaint, Defendants state that said

4   paragraph asserts conclusions of law to which no response is required; to the extent

5   such allegations require a response, Defendants admit that 29 U.S.C. § 1132(a)

6   describes standing requirements for bringing a civil action under ERISA and refer

7   to the statute for its specific terms; and except as admitted, deny each and every

8   allegation in said paragraph.

9         82.    Answering paragraph 82 of the Complaint, Defendants state that said

10  paragraph asserts conclusions of law to which no response is required; to the extent

11  such allegations require a response, Defendants admit that 29 U.S.C. § 1132(a)

12  describes standing requirements for bringing a civil action under ERISA and refer

13  to the statute for its specific terms; and except as admitted, deny each and every

14  allegation in said paragraph.

15        83.    Answering paragraph 83 of the Complaint, Defendants state that said

16  paragraph asserts conclusions of law to which no response is required; to the extent

17  such allegations require a response, Defendants admit that 29 U.S.C. § 1132(a)

18  describes standing requirements for bringing a civil action under ERISA and refer

19  to the statute for its specific terms; and except as admitted, deny each and every

20  allegation in said paragraph.

21        84.    Answering paragraph 84 of the Complaint, Defendants state that said

22  paragraph asserts conclusions of law to which no response is required; to the extent

23  such allegations require a response, Defendants admit that 29 U.S.C. § 1132(g)

24  describes the discretionary award of attorneys' fees and costs in an ERISA action

25  and refer to the statute for its specific terms; and except as admitted, deny each and

26  every allegation in said paragraph.

27        85.    Answering paragraph 85 of the Complaint, Defendants state that the

28  allegations are statements of Plaintiffs' legal position, to which no response is

1   required; to the extent such allegations require a response, Defendants admit that

2   Plaintiffs purport to assert their claims under ERISA and seek the relief described;

3   and except as admitted, deny each and every allegation in said paragraph.

4   **B.     IAA**

5        86.     Answering paragraph 86 of the Complaint, Defendants state that these

6   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

7   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

8   to Dismiss (Dkt. 137), and that no response is required.

9        87.     Answering paragraph 87 of the Complaint, Defendants state that these

10   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

11   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

12   to Dismiss (Dkt. 137), and that no response is required.

13        88.     Answering paragraph 88 of the Complaint, Defendants state that these

14   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

15   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

16   to Dismiss (Dkt. 137), and that no response is required.

17        89.     Answering paragraph 89 of the Complaint, Defendants state that these

18   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

19   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

20   to Dismiss (Dkt. 137), and that no response is required.

21        90.     Answering paragraph 90 of the Complaint, Defendants state that these

22   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

23   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

24   to Dismiss (Dkt. 137), and that no response is required.

25        91.     Answering paragraph 91 of the Complaint, Defendants state that these

26   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

27   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

28   to Dismiss (Dkt. 137), and that no response is required.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

92.     Answering paragraph 92 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

93.     Answering paragraph 93 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

## III.     GENERAL OVERVIEW OF TLIC'S 401(k) BUSINESS AND THE ASSOCIATED TLIC INVESTMENT OPTIONS

### A.     General Description of TLIC's 401(k) Business

94.     Answering paragraph 94 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

95.     Answering paragraph 95 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

96.     Answering paragraph 96 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

97.     Answering paragraph 97 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1  98.    Answering paragraph 98 of the Complaint, Defendants admit that
2  Plaintiffs appear to be quoting selectively from a document and state that such
3  document speaks for itself; deny that Transamerica Retirement Services is the
4  marketing unit of TLIC; and except as admitted, deny each and every allegation
5  contained in said paragraph.

6  99.    Answering paragraph 99 of the Complaint, Defendants admit that
7  Plaintiffs appear to be quoting selectively from a document and state that such
8  document speaks for itself; and except as admitted, deny each and every allegation
9  contained in said paragraph.

10  100.   Answering paragraph 100 of the Complaint, Defendants admit that
11  Plaintiffs appear to be quoting selectively from a document and state that such
12  document speaks for itself; and except as admitted, deny each and every allegation
13  contained in said paragraph.

14  101.   Answering paragraph 101 of the Complaint, Defendants admit that
15  Plaintiffs appear to be quoting selectively from a document and state that such
16  document speaks for itself; and except as admitted, deny each and every allegation
17  contained in said paragraph.

18  102.   Answering paragraph 102 of the Complaint, Defendants admit that
19  Plaintiffs appear to be quoting selectively from a document and state that such
20  document speaks for itself; and except as admitted, deny each and every allegation
21  contained in said paragraph.

22  103.   Answering paragraph 103 of the Complaint, Defendants admit that
23  Plaintiffs appear to be quoting selectively from a document and state that such
24  document speaks for itself; and except as admitted, deny each and every allegation
25  contained in said paragraph.

26  104.   Answering paragraph 104 of the Complaint, Defendants admit that
27  Plaintiffs appear to be quoting selectively from a document and state that such

28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

105. Answering paragraph 105 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; admit that, in general, TLIC's fees under its group annuity contracts are correlated to the amount of assets invested under those contracts; and except as admitted, deny each and every allegation contained in said paragraph.

106. Answering paragraph 106 of the Complaint, Defendants admit that Plaintiffs appear to be referring to a specific document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

107. Answering paragraph 107 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

108. Answering paragraph 108 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

109. Answering paragraph 109 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

110. Answering paragraph 110 of the Complaint, Defendants admit that TLIC's group annuity contracts include options to invest in separate accounts; admit that certain separate accounts may invest in mutual funds or collective

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

investment trusts; and except as admitted, deny each and every allegation in said paragraph.

111.   Answering paragraph 111 of the Complaint, Defendants admit that, in general, TLIC's agreements with plan sponsors provide for fees that are correlated to the amount of assets invested under those contracts; and except as admitted, deny each and every allegation in said paragraph.

**B.    Mutual Funds**

112.   Answering paragraph 112 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants admit that mutual funds are governed by the Investment Company Act, 15 U.S.C. §80a-1 *et seq*., the Securities Act of 1933, and SEC regulations and refer to the statutes and regulations for their specific terms; and except as admitted, deny each and every allegation in said paragraph.

113.   Answering paragraph 113 of the Complaint, Defendants admit that mutual funds are sometimes referred to as registered investment companies; and except as admitted, deny each and every allegation in said paragraph.

114.   Answering paragraph 114 of the Complaint, Defendants admit that mutual funds are pooled investment vehicles that invest in securities based on an investment strategy; and except as admitted, deny each and every allegation in said paragraph.

115.   Answering paragraph 115 of the Complaint, Defendants admit that mutual funds are managed by registered investment advisers; and except as admitted, deny each and every allegation in said paragraph.

116.   Answering paragraph 116 of the Complaint, Defendants admit that mutual funds commonly have more than one share class; admit that each share class invests in the same pool of securities; admit that the amount of annual fees and

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

expenses incurred by the shareholder may vary by share class; and except as admitted, deny each and every allegation in said paragraph.

117.   Answering paragraph 117 of the Complaint, Defendants admit that mutual funds commonly have more than one share class; state that the names and characteristics of share classes may vary from fund to fund; and except as admitted, deny each and every allegation in said paragraph.

118.   Answering paragraph 118 of the Complaint, Defendants admit that mutual funds commonly have more than one share class; admit that the amount of annual fees and expenses incurred by the shareholder may vary by share class; state that the names and characteristics of share classes may vary from fund to fund; and except as admitted, deny each and every allegation in said paragraph.

### C.   Collective Investment Trusts

119.   Answering paragraph 119 of the Complaint, Defendants admit that collective investment trusts are professionally managed, pooled investment vehicles that can invest in a range of securities according to an investment strategy; and except as admitted, deny each and every allegation in said paragraph.

120.   Answering paragraph 120 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

121.   Answering paragraph 121 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

122.   Answering paragraph 122 of the Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations in said paragraph, and on that basis deny each and every allegation in said paragraph.

123.   Answering paragraph 123 of the Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations in said paragraph, and on that basis deny each and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1    **D.**  **Separate Accounts**

2    124.  Answering paragraph 124 of the Complaint, Defendants admit that

3 separate accounts are one type of investment option that may be offered to a 401(k)

4 plan; and except as admitted, deny each and every allegation in said paragraph.

5    125.  Answering paragraph 125 of the Complaint, Defendants admit that

6 separate accounts are investment options that may be established by an insurance

7 company; admit that separate accounts allow for the pooling of investor resources,

8 separate from the other assets of the insurance company, to invest in securities,

9 collective trusts, or mutual fund shares consistent with the separate account's

10 investment strategy; and except as admitted, deny each and every allegation in said

11 paragraph.

12    126.  Answering paragraph 126 of the Complaint, Defendants state that said

13 paragraph asserts conclusions of law to which no response is required; to the extent

14 such allegations require a response, Defendants state that they are without sufficient

15 knowledge or information to form a belief as to the allegations in said paragraph,

16 and on that basis deny each and every allegation in said paragraph.

17    127.  Answering paragraph 127 of the Complaint, Defendants state that they

18 are without sufficient knowledge or information to form a belief as to the

19 allegations in said paragraph, and on that basis deny each and every allegation in

20 said paragraph.

21    128.  Answering paragraph 128 of the Complaint, Defendants admit that

22 certain separate accounts invest in mutual funds or collective investment trusts; and

23 except as admitted, deny each and every allegation in said paragraph.

24    129.  Answering paragraph 129 of the Complaint, Defendants deny that

25 TLIC offers mutual funds or collective investment trusts as investment options;

26 admit that certain separate accounts available as investment options through the

27 group annuity contracts issued to the QualCare Plan and Gain Plan invest in mutual

28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

funds or collective investment trusts; and except as admitted, deny each and every allegation in said paragraph.

130.   Answering paragraph 130 of the Complaint, Defendants deny each and every allegation in said paragraph.

131.   Answering paragraph 131 of the Complaint, Defendants deny that TLIC provides investment advice; state that, to the extent Plaintiffs may be referring to a specific document, such document speaks for itself; admit that TLIC provides investment options and recordkeeping services to many of the separate accounts it offers as investment options; and except as admitted, deny each and every allegation in said paragraph.

132.   Answering paragraph 132 of the Complaint, Defendants deny that separate accounts simply overlay a mutual fund or collective investment trust; admit that each separate account offered as an investment option has an investment strategy; admit that the investment strategy for certain separate accounts is to invest in a mutual fund or collective investment trust; and except as admitted, deny each and every allegation in said paragraph.

133.   Answering paragraph 133 of the Complaint, Defendants deny that TLIC operated 401(k) plans; admit that a particular separate account may be offered as an investment option to multiple 401(k) plans through group annuity contracts serviced by TLIC; admit that, where a particular separate account is an investment option for multiple 401(k) plans, investments from those 401(k) plans are pooled together in the separate account; and except as admitted, deny each and every allegation in said paragraph.

134.   Answering paragraph 134 of the Complaint, Defendants admit that a particular separate account may be offered as an investment option to multiple 401(k) plans through group annuity contracts issued by TLIC; admit that, where a particular separate account is an investment option for multiple 401(k) plans,

investments from those 401(k) plans are pooled together in the separate account; and except as admitted, deny each and every allegation in said paragraph.

### E.    Single General Account Investment Option

135.   Answering paragraph 135 of the Complaint, Defendants admit that, except for the Transamerica Stable Value Option and Transamerica Stable Value Advantage Option, each investment option available through the group annuity contracts issued to the QualCare Plan and Gain Plan is a separate account; and except as admitted, deny each and every allegation in said paragraph.

136.   Answering paragraph 136 of the Complaint, Defendants admit that the Transamerica Stable Value Advantage Option is not a separate account; admit that investments in the Transamerica Stable Value Advantage Option are investments in TLIC's general account; and except as admitted, deny each and every allegation in said paragraph.

137.   Answering paragraph 137 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation in said paragraph.

## IV.    GENERAL OVERVIEW OF PLAINTIFFS' ERISA CLAIMS

138.   Answering paragraph 138 of the Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations in said paragraph, and on that basis deny each and every allegation in said paragraph.

139.   Answering paragraph 139 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation contained in said paragraph.

140.   Answering paragraph 140 of the Complaint, including footnote 1, Defendants state that the allegations are statements of Plaintiffs' legal position, to

which no response is required; to the extent such allegations require a response,

Defendants state that they are without sufficient knowledge or information to form

a belief as to the allegations regarding what "[i]n general" an unnamed stable value

investment invests in, whether or why a guarantee is provided on such unnamed

investments, and whether or not stable value funds are offered as investment

options in unnamed 401(k) plans or group annuity contracts, and on that basis deny

such allegations; admit that investments in the Transamerica Stable Value

Advantage Option are investments in TLIC's general account; and except as

admitted, deny each and every allegation contained in said paragraph.

141.   Answering paragraph 141 of the Complaint, Defendants state that the

allegations are statements of Plaintiffs' legal position, to which no response is

required; to the extent such allegations require a response, Defendants deny each

and every allegation contained in said paragraph.

142.   Answering paragraph 142 of the Complaint, Defendants state that the

allegations are statements of Plaintiffs' legal position, to which no response is

required; to the extent such allegations require a response, Defendants deny each

and every allegation contained in said paragraph.

143.   Answering paragraph 143 of the Complaint, Defendants state that the

allegations are statements of Plaintiffs' legal position, to which no response is

required; to the extent such allegations require a response, Defendants deny each

and every allegation contained in said paragraph.

144.   Answering paragraph 144 of the Complaint, Defendants state that the

allegations are statements of Plaintiffs' legal position, to which no response is

required; to the extent such allegations require a response, Defendants deny each

and every allegation contained in said paragraph.

145.   Answering paragraph 145 of the Complaint, Defendants state that the

allegations are statements of Plaintiffs' legal position, to which no response is

1 required; to the extent such allegations require a response, Defendants deny each
2 and every allegation contained in said paragraph.

3     146.  Answering paragraph 146 of the Complaint, Defendants state that the
4 allegations are statements of Plaintiffs' legal position, to which no response is
5 required; to the extent such allegations require a response, Defendants deny each
6 and every allegation contained in said paragraph.

7     147.  Answering paragraph 147 of the Complaint, Defendants state that the
8 allegations are statements of Plaintiffs' legal position, to which no response is
9 required; to the extent such allegations require a response, Defendants deny each
10 and every allegation contained in said paragraph.

11 **V.    TLIC'S FIDUCIARY STATUS UNDER ERISA**

12     148.  Answering paragraph 148 of the Complaint, Defendants state that said
13 paragraph asserts conclusions of law to which no response is required.

14     **A.    TLIC Is An ERISA Fiduciary to the Plaintiff Plans Pursuant To**
15         **ERISA §401(c)(5)(B), 29 U.S.C. §1101(c)(5)(B), And 29 C.F.R.**
16         **2550.401c-l(d)(2)(c)**

17     149.  Answering paragraph 149 of the Complaint, Defendants state that said
18 paragraph asserts conclusions of law to which no response is required; to the extent
19 such allegations require a response, Defendants admit that Plaintiffs appear to be
20 quoting portions of 29 U.S.C. § 1101(c)(5)(B) and refer to the statute for its specific
21 terms; and except as admitted, deny each and every allegation in said paragraph.

22     150.  Answering paragraph 150 of the Complaint, Defendants state that said
23 paragraph asserts conclusions of law to which no response is required; to the extent
24 such allegations require a response, Defendants admit that Plaintiffs appear to be
25 quoting portions of 29 C.F.R. 2550.401c-1(d)(2)(c) and refer to the regulation for
26 its specific terms; and except as admitted, deny each and every allegation in said
27 paragraph.

28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

151.   Answering paragraph 151 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

**B.     TLIC's Authority To, At Its Discretion, Change/Substitute The Investment Options That Are Offered To The Plaintiff Plans Renders It An ERISA Fiduciary To The Plaintiff Plans**

152.   Answering paragraph 152 of the Complaint, Defendants admit that, in some cases, TLIC reserves the right to establish or delete contract accounts in accordance with the terms of the relevant group annuity contracts, which documents speak for themselves; and except as admitted, deny each and every allegation in said paragraph.

153.   Answering paragraph 153 of the Complaint, Defendants admit that, in some cases, the class of mutual fund shares in which a certain separate account might invest may be changed in accordance with the terms of the relevant group annuity contracts, which documents speak for themselves; admit that the amount of annual fees and expenses incurred by a mutual fund shareholder may vary by share class; and except as admitted, deny each and every allegation in said paragraph.

154.   Answering paragraph 154 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

**C.     Through the Transamerica Fiduciary Warranty TLIC Is An ERISA Fiduciary To The Plaintiffs Plans**

155.   Answering paragraph 155 of the Complaint, Defendants admit that TLIC provides to the QualCare Plan and Gain Plan a warranty referred to as the Transamerica Fiduciary Management Program Warranty (the "TLIC Fiduciary Warranty"); and except as admitted, deny each and every allegation in said paragraph.

156.   Answering paragraph 156 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such

document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

157.   Answering paragraph 157 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

158.   Answering paragraph 158 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

159.   Answering paragraph 159 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

160.   Answering paragraph 160 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

161.   Answering paragraph 161 of the Complaint, Defendants admit that Plaintiffs appear to describe the basis of their claims; and except as admitted, deny each and every allegation contained in said paragraph.

162.   Answering paragraph 162 of the Complaint, Defendants deny each and every allegation in said paragraph.

163.   Answering paragraph 163 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; further state that said paragraph asserts conclusions of law to which no response is required; and to the extent such allegations require a response, deny

each and every allegation contained in said paragraph, and specifically deny that TLIC is rendering investment advice.

### D.   TLIC's Discretionary Authority Over The Investment Options Renders It A Fiduciary

164.   Answering paragraph 164 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

165.   Answering paragraph 165 of the Complaint, Defendants admit that certain of the investment options available through the group annuity contracts issued to the QualCare Plan and Gain Plan include "Ret Opt" in their names; and except as admitted, deny each and every allegation in said paragraph.

166.   Answering paragraph 166 of the Complaint, Defendants admit that the Loomis Sayles Investment Grade Bond Ret Opt is available as an investment option through both the QualCare Plan and the Gain Plan; and except as admitted, deny each and every allegation in said paragraph.

167.   Answering paragraph 167 of the Complaint, Defendants deny each and every allegation in said paragraph.

168.   Answering paragraph 168 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

### E.   TLIC, As An Insurance Company, Is An ERISA Fiduciary To The Plaintiff Plans

169.   Answering paragraph 169 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; deny that TLIC operates plans; and except as admitted, deny each and every allegation contained in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

170.   Answering paragraph 170 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

**F.    TLIC Is a Fiduciary By Rendering Investment Advice and Investment Management Services For an Investment Management Fee To The Separate Account Investment Options**

171.   Answering paragraph 171 of the Complaint, Defendants deny that TLIC charges "Investment Management" fees to plan participants; admit that, pursuant to the group annuity contract issued to the QualCare Plan, which document speaks for itself, TLIC assesses a separate account maintenance charge (previously known as an investment management charge) on certain separate accounts; and except as admitted, deny each and every allegation in said paragraph.

172.   Answering paragraph 172 of the Complaint, Defendants deny that TLIC charges "Investment Management" fees to plan participants; admit that, pursuant to the group annuity contract issued to the Gain Plain, which document speaks for itself, TLIC assesses a separate account maintenance charge (previously known as an investment management charge) on certain separate accounts; and except as admitted, deny each and every allegation in said paragraph.

173.   Answering paragraph 173 of the Complaint, Defendants deny each and every allegation in said paragraph.

174.   Answering paragraph 174 of the Complaint, Defendants deny each and every allegation in said paragraph.

175.   Answering paragraph 175 of the Complaint, Defendants deny that TLIC offers mutual funds as investment options; admit that certain separate accounts available as investment options through the group annuity contracts issued to the QualCare Plan and Gain Plan invest in mutual funds; and except as admitted, deny each and every allegation in said paragraph.

176.   Answering paragraph 176 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is

1   required; to the extent such allegations require a response, Defendants deny each

2   and every allegation in said paragraph.

3       177.   Answering paragraph 177 of the Complaint, Defendants state that said

4   paragraph asserts conclusions of law to which no response is required.

5   **G.   By Negotiating For Revenue Sharing Payments Derived From**

6       **Plaintiffs' Investments TLIC Is An ERISA Fiduciary To The**

7       **Plaintiff Plans**

8       178.   Answering paragraph 178 of the Complaint, Defendants state that the

9   allegations are statements of Plaintiffs' legal position, to which no response is

10  required; to the extent such allegations require a response, Defendants deny that

11  TLIC "negotiat[es] and/or extract[s] revenue sharing payments, which are derived

12  from Plaintiffs' investments, from advisors to certain mutual funds that underlie

13  certain separate account investment options"; and state that the remaining

14  allegations assert conclusions of law, to which no response is required.

15      179.   Answering paragraph 179 of the Complaint, Defendants deny each and

16  every allegation in said paragraph.

17  **H.   TLIC, By Taking The Fiduciary Role Of Selecting and Monitoring**

18      **the Plaintiff Plans Investment Options Is An ERISA Fiduciary To**

19      **The Plaintiff Plans**

20      180.   Answering paragraph 180 of the Complaint, Defendants state that said

21  paragraph asserts conclusions of law to which no response is required.

22      181.   Answering paragraph 181 of the Complaint, Defendants admit that

23  Plaintiffs appear to be quoting selectively from a document and state that such

24  document speaks for itself; and except as admitted, deny each and every allegation

25  contained in said paragraph.

26      182.   Answering paragraph 182 of the Complaint, Defendants admit that

27  TLIC has an investment monitoring process; admit that, as part of that process,

28  TLIC evaluates investment choices based on certain criteria; admit that if an

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

investment choice fails to meet those criteria or experiences a significant change in investment process or an investment manager's organization, TLIC may take certain actions in accordance with the relevant group annuity contracts, which speak for themselves; and except as admitted, deny each and every allegation in said paragraph.

183.   Answering paragraph 183 of the Complaint, Defendants admit that TLIC has an investment monitoring process; admit TLIC conducts a periodic investment options review; and except as admitted, deny each and every allegation in said paragraph.

184.   Answering paragraph 184 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

**I.   TLIC, By Rendering Investment Advice Through Its "AdviceSolutions Online Retirement Advice" Renders Investment Advice With Respect To Assets of the Plaintiff Plans And Therefore Is An ERISA Fiduciary To The Plaintiff Plans**

185.   Answering paragraph 185 of the Complaint, Defendants admit that TLIC maintains a website through which participants in the QualCare Plan and Gain Plan can access certain online account information; and except as admitted, deny each and every allegation in said paragraph.

186.   Answering paragraph 186 of the Complaint, Defendants admit that in order to access their online account information, participants in the QualCare Plan and Gain Plan must first enter certain login information; and except as admitted, deny each and every allegation in said paragraph.

187.   Answering paragraph 187 of the Complaint, Defendants admit that, once logged in through TLIC's website, participants in the QualCare Plan and Gain Plan can access certain online account information relating to their retirement account; and except as admitted, deny each and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

188.   Answering paragraph 188 of the Complaint, Defendants deny each and every allegation in said paragraph.

189.   Answering paragraph 189 of the Complaint, Defendants deny each and every allegation in said paragraph.

190.   Answering paragraph 190 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation in said paragraph.

191.   Answering paragraph 191 of the Complaint, Defendants deny each and every allegation in said paragraph.

192.   Answering paragraph 192 of the Complaint, Defendants deny each and every allegation in said paragraph.

193.   Answering paragraph 193 of the Complaint, Defendants deny each and every allegation in said paragraph.

194.   Answering paragraph 194 of the Complaint, Defendants deny each and every allegation in said paragraph.

195.   Answering paragraph 195 of the Complaint, Defendants deny each and every allegation in said paragraph.

196.   Answering paragraph 196 of the Complaint, Defendants deny each and every allegation in said paragraph.

197.   Answering paragraph 197 of the Complaint, Defendants deny each and every allegation in said paragraph.

198.   Answering paragraph 198 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation in said paragraph.

199.   Answering paragraph 199 of the Complaint, Defendants deny each and every allegation in said paragraph.

200.   Answering paragraph 200 of the Complaint, Defendants deny each and every allegation in said paragraph.

201.   Answering paragraph 201 of the Complaint, Defendants deny each and every allegation in said paragraph.

202.   Answering paragraph 202 of the Complaint, Defendants deny that the AdviceSolutions feature is accessible to plan participants; deny that TLIC rendered investment advice; and state that the remaining allegations assert conclusions of law to which no response is required.

**J.      TLIC Admits Its Fiduciary Status**

203.   Answering paragraph 203 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

204.   Answering paragraph 204 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

205.   Answering paragraph 205 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position or conclusions of law to which no response is required.

**VI.   PLAINTIFFS' ERISA CLAIMS**

**A.      Investment Options TLIC Provides to the Gain And Qualcare Plaintiff Plans.  (These investment options, among others, are used to demonstrate the impermissible fee practices and ERISA violations in which TLIC engages with respect to all of the Plaintiff Plans)**

206.   Answering paragraph 206 of the Complaint, including footnote 2, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

207.   Answering paragraph 207 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

208.   Answering paragraph 208 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

209.   Answering paragraph 209 of the Complaint, Defendants admit that certain of the investment options available through the group annuity contracts issued to the QualCare Plan and Gain Plan may also be included as investment options available through other group annuity contracts; and except as admitted, deny each and every allegation in said paragraph.

210.   Answering paragraph 210 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

**B.     Investment Options In Which Plaintiffs K. Poley and B. Poley Are Currently Invested And Investment Options In Which Plaintiff Santomenno Was Invested**

211.   Answering paragraph 211 of the Complaint, Defendants admit that Plaintiff K. Poley was a participant in the QualCare Plan as of December 31, 2010; admit that, as of December 31, 2010, Plaintiff K. Poley was investing in the following investment options through the group annuity contract issued to the QualCare Plan: American Funds Fundamental Inv Opt, American Funds Growth Fund of America Inv Opt, American Funds New Perspective Inv Opt, Fidelity Advisor Small Cap Inv Opt, First American Mid Cap Growth Opportunities Ret Opt, Loomis Sayles Investment Grade Bond Ret Opt, and Transamerica Partners

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

High Yield Bond Ret Opt; and except as admitted, deny each and every allegation in said paragraph.

212.   Answering paragraph 212 of the Complaint, Defendants admit that Plaintiff B. Poley was a participant in the QualCare Plan as of December 31, 2010; admit that, as of December 31, 2010, Plaintiff B. Poley was investing in the following investment options through the group annuity contract issued to the QualCare Plan: American Funds Fundamental Inv Opt, Transamerica Balanced Ret Opt, Vanguard Target Retirement 2010 Ret Opt, and Vanguard Total Stock Market Index Ret Opt; and except as admitted, deny each and every allegation in said paragraph.

213.   Answering paragraph 213 of the Complaint, Defendants admit that Plaintiff Santomenno was a participant in the Gain Plan until December 2010; admit that, prior to December 2010, Plaintiff Santomenno's investments through the group annuity contract issued to the Gain Plan included the following investment options: American Funds AMCAP Inv Opt, American Funds Growth Fund of America Inv Opt, Blackrock Global Financial Services Inv Opt, First American Small Cap Select Ret Opt, the separate account previously called the Janus Adviser International Growth Ret Opt, Thornburg Core Growth Ret Opt, Transamerica Core Equity Ret Opt, Transamerica Equity Ret Opt, Transamerica Stable Value Advantage Option, and Vanguard Total Stock Market Ret Opt; state that Defendants are without sufficient knowledge or information to form a belief as to the allegations regarding the timing and status of Plaintiff Santomenno's employment with Gain Capital Group, LLC, and on that basis deny such allegations; and except as admitted, deny each and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

C.    **Structure of the Investment Options TLIC Provided To the Gain and Qaulcare [*sic*] Plans**

214.   Answering paragraph 214 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

215.   Answering paragraph 215 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

216.   Answering paragraph 216 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

217.   Answering paragraph 217 of the Complaint, Defendants admit that investments in the Transamerica Stable Value Advantage Option investment option are held in TLIC's general account; and except as admitted, deny each and every allegation in said paragraph.

218.   Answering paragraph 218 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; and to the extent such allegations require a response, deny each and every allegation contained in said paragraph.

219.   Answering paragraph 219 of the Complaint, Defendants admit that, as of December 31, 2010, Plaintiff B. Poley was investing in the following separate accounts through the group annuity contract issued to the QualCare Plan: Vanguard Target Retirement 2010 Ret Opt, American Funds Fundamental Investment Inv Opt, and Vanguard Total Stock Market Index Ret Opt; admit that these separate

accounts invested in mutual funds; and except as admitted, deny each and every allegation in said paragraph.

220.   Answering paragraph 220 of the Complaint, Defendants admit that, as of December 31, 2010, Plaintiff B. Poley was investing in the Transamerica Balanced Ret Opt separate account through the group annuity contract issued to the QualCare Plan; admit that this separate account invested in securities pursuant to an investment strategy; and except as admitted, deny each and every allegation in said paragraph.

221.   Answering paragraph 221 of the Complaint, Defendants admit that, as of December 31, 2010, Plaintiff K. Poley was investing in the following separate accounts through the group annuity contract issued to the QualCare Plan: American Funds Fundamental Inv Opt, American Funds Growth Fund of America Inv Opt, First American Mid Cap Growth Opportunities Ret Opt, Fidelity Advisor Small Cap Inv Opt, and American Funds New Perspective Inv Opt; admit that these separate accounts invested in mutual funds; and except as admitted, deny each and every allegation in said paragraph.

222.   Answering paragraph 222 of the Complaint, Defendants admit that, as of December 31, 2010, Plaintiff K. Poley was investing in the Transamerica Partners High Yield Bond Ret Opt separate account through the group annuity contract issued to the QualCare Plan; admit that this separate account invested in a collective investment trust; and except as admitted, deny each and every allegation in said paragraph.

223.   Answering paragraph 223 of the Complaint, Defendants admit that, as of December 31, 2010, Plaintiff K. Poley was investing in the Loomis Sayles Investment Grade Bond Ret Opt separate account through the group annuity contract issued to the QualCare Plan; admit that this separate account invested in securities pursuant to an investment strategy; and except as admitted, deny each and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

224.   Answering paragraph 224 of the Complaint, Defendants admit that, prior to December 2010, Plaintiff Santomenno was investing in the following separate accounts through the group annuity contract issued to the Gain Plan: Vanguard Total Stock Market Index Ret Opt, American Funds AMCAP Inv Opt, and American Funds Growth Fund of America Inv Opt; admit that these separate accounts invested in mutual funds; and except as admitted, deny each and every allegation in said paragraph.

225.   Answering paragraph 225 of the Complaint, Defendants admit that, prior to December 2010, Plaintiff Santomenno was investing in the following separate accounts through the group annuity contract issued to the Gain Plan: Transamerica Core Equity Ret Opt, Transamerica Equity Ret Opt, Thornburg Core Growth Ret Opt, First American Small Cap Select Ret Opt, Janus Adviser International Growth Ret Opt, and Blackrock Global Financial Services Inv Opt; admit that these separate accounts invested in securities pursuant to an investment strategy; and except as admitted, deny each and every allegation in said paragraph.

226.   Answering paragraph 226 of the Complaint, Defendants deny that an option was "operated" through TLIC's general account; admit that, prior to December 2010, Plaintiff Santomenno was investing in the Transamerica Stable Value Advantage Option; admit that investments in the Transamerica Stable Value Advantage Option investment option are held in TLIC's general account; and except as admitted, deny each and every allegation in said paragraph.

### D.   TLIC Investment Fact Sheets For The Investment Options

227.   Answering paragraph 227 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

228.   Answering paragraph 228 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1    documents speak for themselves; and except as admitted, deny each and every

2    allegation contained in said paragraph.

3         229.   Answering paragraph 229 of the Complaint, Defendants admit that

4    Plaintiffs appear to be referring to specific documents and state that such

5    documents speak for themselves; and except as admitted, deny each and every

6    allegation contained in said paragraph.

7         230.   Answering paragraph 230 of the Complaint, Defendants admit that

8    Plaintiffs appear to be referring to specific documents and state that such

9    documents speak for themselves; and except as admitted, deny each and every

10   allegation contained in said paragraph.

11        231.   Answering paragraph 231 of the Complaint, Defendants admit that

12   Plaintiffs appear to be referring to specific documents and state that such

13   documents speak for themselves; and except as admitted, deny each and every

14   allegation contained in said paragraph.

15        232.   Answering paragraph 232 of the Complaint, Defendants admit that,

16   pursuant to the terms of the group annuity contracts with individual plan sponsors,

17   which documents speak for themselves, participants may in some cases be subject

18   to certain redemption fees; and except as admitted, deny each and every allegation

19   in said paragraph.

20        233.   Answering paragraph 233 of the Complaint, Defendants admit that

21   Plaintiffs appear to be referring to specific documents and state that such

22   documents speak for themselves; and except as admitted, deny each and every

23   allegation contained in said paragraph.

24        234.   Answering paragraph 234 of the Complaint, Defendants state that said

25   paragraph asserts conclusions of law to which no response is required.

26        235.   Answering paragraph 235 of the Complaint, Defendants state that the

27   allegations are statements of Plaintiffs' legal position, to which no response is

28   required; to the extent such allegations require a response, Defendants admit that

1   Plaintiffs appear to be referring to specific documents and state that such

2   documents speaks for themselves; and except as admitted, deny each and every

3   allegation in said paragraph.

4        236.   Answering paragraph 236 of the Complaint, Defendants state that the

5   allegations are statements of Plaintiffs' legal position, to which no response is

6   required; to the extent such allegations require a response, Defendants deny each

7   and every allegation in said paragraph.

8        237.   Answering paragraph 237 of the Complaint, Defendants admit that

9   Plaintiffs appear to be referring to specific documents and state that such

10  documents speak for themselves; and except as admitted, deny each and every

11  allegation contained in said paragraph.

12       238.   Answering paragraph 238 of the Complaint, Defendants admit that

13  Plaintiffs appear to be referring to specific documents and state that such

14  documents speak for themselves; and except as admitted, deny each and every

15  allegation contained in said paragraph.

16       239.   Answering paragraph 239 of the Complaint, Defendants admit that

17  Plaintiffs appear to be referring to specific documents and state that such

18  documents speak for themselves; and except as admitted, deny each and every

19  allegation contained in said paragraph.

20       240.   Answering paragraph 240 of the Complaint, Defendants deny each and

21  every allegation in said paragraph.

22       241.   Answering paragraph 241 of the Complaint, Defendants admit that

23  Plaintiffs appear to be referring to specific documents and state that such

24  documents speak for themselves; and except as admitted, deny each and every

25  allegation contained in said paragraph.

26       242.   Answering paragraph 242 of the Complaint, Defendants deny each and

27  every allegation in said paragraph.

28

243.   Answering paragraph 243 of the Complaint, Defendants deny each and every allegation in said paragraph.

244.   Answering paragraph 244 of the Complaint, Defendants admit that Plaintiffs appear to be referring to a specific document and state that such document speaks for itself; and except as admitted, deny each and every allegation in said paragraph.

**E.      Excessive Fees Charged to Plaintiffs By TLIC On Their Investments Into Separate Account Investment Options That Invested In A Mutual Fund**

245.   Answering paragraph 245 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

246.   Answering paragraph 246 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speaks for themselves; state that the allegations contained in paragraph 246 are statements of Plaintiffs' legal position, to which no response is required; and except as admitted, deny each and every allegation in said paragraph.

247.   Answering paragraph 247 of the Complaint, Defendants deny each and every allegation in said paragraph.

248.   Answering paragraph 248 of the Complaint, Defendants deny each and every allegation in said paragraph.

249.   Answering paragraph 249 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speaks for themselves; and except as admitted, deny each and every allegation in said paragraph.

250.   Answering paragraph 250 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1  documents speak for themselves; and except as admitted, deny each and every

2  allegation in said paragraph.

3       251.   Answering paragraph 251 of the Complaint, Defendants admit that

4  Plaintiffs appear to be quoting selectively from a specific document and state that

5  such document speaks for itself; and except as admitted, deny each and every

6  allegation in said paragraph.

7       252.   Answering paragraph 252 of the Complaint, Defendants admit that

8  Plaintiffs appear to be quoting selectively from a specific document and state that

9  such document speaks for itself; and except as admitted, deny each and every

10 allegation in said paragraph.

11      253.   Answering paragraph 253 of the Complaint, Defendants admit that

12 Plaintiffs appear to be quoting selectively from a document and state that such

13 document speaks for itself; and except as admitted, deny each and every allegation

14 in said paragraph.

15      254.   Answering paragraph 254 of the Complaint, Defendants deny each and

16 every allegation in said paragraph.

17      255.   Answering paragraph 255 of the Complaint, Defendants admit that, as

18 to the mutual funds advised by TAM, the fees included in the expense ratio are

19 approved by the respective funds' respective board of directors; and except as

20 admitted, state that they are without sufficient knowledge or information to form a

21 belief as to the allegations in said paragraph, and on that basis deny the remaining

22 allegations in said paragraph.

23      256.   Answering paragraph 256 of the Complaint, Defendants deny that the

24 expense ratio of a separate account always exceeds that of the mutual fund in which

25 it may invest; admit that the expense ratios of the separate accounts offered through

26 the QualCare Plan and Gain Plan that invest in an underlying mutual fund are

27 subject to the necessary approvals; and except as admitted, deny each and every

28 allegation in said paragraph.

257.   Answering paragraph 257 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation contained in said paragraph.

258.   Answering paragraph 258 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

259.   Answering paragraph 259 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph, and specifically deny the separate account fees were unjustified or inflated.

260.   Answering paragraph 260 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation contained in said paragraph.

261.   Answering paragraph 261 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation contained in said paragraph.

262.   Answering paragraph 262 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation contained in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

263.   Answering paragraph 263 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a specific document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

264.   Answering paragraph 264 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a specific document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

265.   Answering paragraph 265 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation contained in said paragraph.

**F.     Investment Management Fees Charged By TLIC to Plaintiffs On Their Investments Into Certain Separate Account Investment Options That Invested In A Mutual Fund**

266.   Answering paragraph 266 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation in said paragraph.

267.   Answering paragraph 267 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation in said paragraph.

268.   Answering paragraph 268 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

269.   Answering paragraph 269 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

270.   Answering paragraph 270 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation in said paragraph.

271.   Answering paragraph 271 of the Complaint, Defendants deny each and every allegation in said paragraph.

272.   Answering paragraph 272 of the Complaint, Defendants deny each and every allegation in said paragraph.

273.   Answering paragraph 273 of the Complaint, Defendants deny each and every allegation in said paragraph.

274.   Answering paragraph 274 of the Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis deny each and every allegation in said paragraph.

275.   Answering paragraph 275 of the Complaint, Defendants admit that the separate accounts available through the group annuity contracts issued to the QualCare Plan and Gain Plan that invest in mutual funds are subject to the expenses of the mutual fund in which they invest, if applicable; and except as admitted, deny each and every allegation in said paragraph.

276.   Answering paragraph 276 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation contained in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

277.   Answering paragraph 277 of the Complaint, Defendants admit that certain separate accounts available through the group annuity contracts issued to the QualCare Plan and Gain Plan that invest in mutual funds do not charge a separate account maintenance charge (previously known as an investment management charge); and except as admitted, deny each and every allegation in said paragraph.

278.   Answering paragraph 278 of the Complaint, Defendants admit that certain separate accounts available through the group annuity contracts issued to the QualCare Plan and Gain Plan that invest in mutual funds charge a separate account maintenance charge (previously known as an investment management charge); and except as admitted, deny each and every allegation in said paragraph.

279.   Answering paragraph 279 of the Complaint, Defendants admit that Plaintiffs appear to be referring to a specific document and state that such document speaks for itself; and except as admitted, deny each and every allegation in said paragraph.

280.   Answering paragraph 280 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation contained in said paragraph.

**G.    Payment of Impermissible Revenue Sharing Payments, Derived From Plaintiffs' Investments, To TLIC From Advisers To Certain Mutual Funds That Underlie The Separate Account Investment Options That Invest In Mutual Funds**

281.   Answering paragraph 281 of the Complaint, Defendants admit that certain separate accounts available through the group annuity contracts issued to the QualCare Plan and Gain Plan that invest in mutual funds receive sub-transfer agent fees or other payments from the underlying fund company, advisor, or affiliate; admit that Plaintiffs purport to refer to such payments as "revenue sharing

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

payments"; and except as admitted, deny each and every allegation in said paragraph.

282.   Answering paragraph 282 of the Complaint, Defendants admit that Loomis Sayles Investment Grade Bond Ret Opt, Oppenheimer Main Street Small- & Mid-Cap Ret Opt (previously called the Oppenheimer Main Street Small Cap Ret Opt), Nuveen Mid Cap Growth Opportunities Fund (previously called the First American Mid Cap Growth Opportunities Ret Opt), and Nuveen Real Estate Securities Ret Opt (previously called the First American Real Estate Securities Ret Opt) are separate accounts that invest in mutual funds and that receive sub-transfer agent fees or other payments from the underlying fund company, advisor, or affiliate; and except as admitted, deny each and every allegation in said paragraph.

283.   Answering paragraph 283 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation in said paragraph.

284.   Answering paragraph 284 of the Complaint, Defendants deny each and every allegation in said paragraph.

285.   Answering paragraph 285 of the Complaint, Defendants deny each and every allegation in said paragraph.

286.   Answering paragraph 286 of the Complaint, Defendants deny each and every allegation in said paragraph.

287.   Answering paragraph 287 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speaks for themselves; and except as admitted, deny each and every allegation in said paragraph.

288.   Answering paragraph 288 of the Complaint, Defendants admit that sub-transfer agent fees or other payments to a separate account by an underlying fund, advisor, or affiliate are applied to reduce the fees payable under the relevant

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1  group annuity contracts, which speak for themselves; and except as admitted, deny
2  each and every allegation in said paragraph.

3      289.   Answering paragraph 289 of the Complaint, Defendants deny each and
4  every allegation in said paragraph.

5      290.   Answering paragraph 290 of the Complaint, Defendants state that the
6  allegations are statements of Plaintiffs' legal position, to which no response is
7  required; to the extent such allegations require a response, Defendants deny each
8  and every allegation contained in said paragraph.

9      291.   Answering paragraph 291 of the Complaint, Defendants deny each and
10  every allegation in said paragraph.

11      292.   Answering paragraph 292 of the Complaint Defendants admit that
12  certain of the separate accounts offered through the group annuity contracts issued
13  to the QualCare Plan and Gain Plan that invest in mutual funds are not assessed
14  administrative charges; and except as admitted, deny each and every allegation in
15  said paragraph.

16      293.   Answering paragraph 293 of the Complaint, Defendants state that the
17  allegations are statements of Plaintiffs' legal position, to which no response is
18  required; to the extent such allegations require a response, Defendants deny each
19  and every allegation contained in said paragraph.

20      294.   Answering paragraph 294 of the Complaint, Defendants state that the
21  allegations are statements of Plaintiffs' legal position, to which no response is
22  required; to the extent such allegations require a response, Defendants deny each
23  and every allegation contained in said paragraph.

24      295.   Answering paragraph 295 of the Complaint, Defendants state that the
25  allegations are statements of Plaintiffs' legal position, to which no response is
26  required; to the extent such allegations require a response, Defendants deny each
27  and every allegation contained in said paragraph.

28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

**H.    Commission of Prohibited Transactions By TLIC For Payment of
Investment Management/Advisory Fees To Its Affiliates That
Advise/Subadvise Mutual Funds**

296.   Answering paragraph 296 of the Complaint, Defendants admit that
TAM is or has been the adviser to certain mutual funds in which the Transamerica
Asset Allocation-Conservative Portfolio Ret Opt, Transamerica Asset Allocation-
Growth Portfolio Ret Opt, Transamerica Asset Allocation-Moderate Growth
Portfolio Ret Opt, Transamerica Asset Allocation-Moderate Portfolio Ret Opt,
Transamerica Partners Total Return Bond Ret Opt, and Transamerica Small/Mid
Cap Value Ret Opt separate accounts invest; and except as admitted, deny each and
every allegation in said paragraph.

297.   Answering paragraph 297 of the Complaint, Defendants deny each and
every allegation in said paragraph.

298.   Answering paragraph 298 of the Complaint, Defendants admit each
and every allegation in said paragraph.

299.   Answering paragraph 299 of the Complaint, Defendants deny each and
every allegation in said paragraph.

300.   Answering paragraph 300 of the Complaint, Defendants deny each and
every allegation in said paragraph.

301.   Answering paragraph 301 of the Complaint, Defendants state that said
paragraph asserts conclusions of law to which no response is required; to the extent
such allegations require a response, Defendants deny each and every allegation in
said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

**I.     TLIC's Failure to Invest Plaintiffs' Investments In Separate Accounts That Invested In Mutual Funds In the Least Expensive Share Class Of the Mutual Fund**

302.   Answering paragraph 302 of the Complaint, Defendants admit that mutual funds commonly have more than one share class; and except as admitted, deny each and every allegation in said paragraph.

303.   Answering paragraph 303 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

304.   Answering paragraph 304 of the Complaint, Defendants admit that Plaintiffs appear to be quoting selectively from a document and state that such document speaks for itself; and except as admitted, deny each and every allegation contained in said paragraph.

305.   Answering paragraph 305 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that, as between simultaneous investments in different share classes of a mutual fund, the investment in the share class with the lowest expense ratio (accounting for all fees and charges) will result in a greater rate of return; and except as admitted, deny each and every allegation in said paragraph.

306.   Answering paragraph 306 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that, as between otherwise identical investments, a higher expense ratio (accounting for all fees and charges) will result in a lower rate of return; and except as admitted, deny each and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

307.   Answering paragraph 307 of the Complaint, Defendants admit that mutual funds may have an institutional share class; and except as admitted, deny each and every allegation in said paragraph.

308.   Answering paragraph 308 of the Complaint, Defendants admit that mutual funds may have a retail share class; and except as admitted, deny each and every allegation in said paragraph.

309.   Answering paragraph 309 of the Complaint, Defendants admit that mutual funds may specify a minimum investment in order to purchase institutional shares; state that they are without sufficient knowledge or information to form a belief as to whether an unspecified mutual fund would waive its minimum investment requirements, and on that basis deny such allegations; and except as admitted, deny each and every allegation in said paragraph.

310.   Answering paragraph 310 of the Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis deny each and every allegation in said paragraph.

311.   Answering paragraph 311 of the Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis deny each and every allegation in said paragraph.

312.   Answering paragraph 312 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph.

313.   Answering paragraph 313 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

314.   Answering paragraph 314 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis deny each and every allegation in said paragraph.

315.   Answering paragraph 315 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation contained in said paragraph, and specifically deny they invested Plaintiffs' retirement monies.

316.   Answering paragraph 316 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

317.   Answering paragraph 317 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis deny each and every allegation in said paragraph.

318.   Answering paragraph 318 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

319.   Answering paragraph 319 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is

1    required; to the extent such allegations require a response, Defendants deny each

2    and every allegation in said paragraph.

3    **J.     Excessive Fees Associated with Separate Account Investment**

4    **Options that (i) Invested in a Collective Investment Trust and**

5    **(ii) that Had no Underlying Investment Vehicle**

6    320.   Answering paragraph 320 of the Complaint, Defendants admit that

7    Plaintiffs appear to be referring to specific documents and state that such

8    documents speak for themselves; and except as admitted, deny each and every

9    allegation contained in said paragraph.

10    321.   Answering paragraph 321 of the Complaint, Defendants state that the

11    allegations are statements of Plaintiffs' legal position, to which no response is

12    required; to the extent such allegations require a response, Defendants deny each

13    and every allegation in said paragraph.

14    322.   Answering paragraph 322 of the Complaint, Defendants admit that

15    Plaintiffs appear to be referring to specific documents and state that such

16    documents speak for themselves; and except as admitted, deny each and every

17    allegation contained in said paragraph.

18    323.   Answering paragraph 323 of the Complaint, Defendants state that the

19    allegations are statements of Plaintiffs' legal position, to which no response is

20    required.

21    324.   Answering paragraph 324 of the Complaint, Defendants state that the

22    allegations are statements of Plaintiffs' legal position, to which no response is

23    required; to the extent such allegations require a response, Defendants deny each

24    and every allegation in said paragraph.

25    325.   Answering paragraph 325 of the Complaint, Defendants state that said

26    paragraph asserts conclusions of law to which no response is required.

27    326.   Answering paragraph 326 of the Complaint, Defendants state that the

28    allegations are statements of Plaintiffs' legal position, to which no response is

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1  required; to the extent such allegations require a response, Defendants state that

2  they are without sufficient knowledge or information to form a belief as to the

3  allegations contained in said paragraph, and on that basis deny each and every

4  allegation in said paragraph.

5  327.   Answering paragraph 327 of the Complaint, Defendants state that the

6  allegations are statements of Plaintiffs' legal position, to which no response is

7  required; to the extent such allegations require a response, Defendants state that

8  they are without sufficient knowledge or information to form a belief as to the

9  allegations contained in said paragraph, and on that basis deny each and every

10  allegation in said paragraph.

11  328.   Answering paragraph 328 of the Complaint, Defendants state that the

12  allegations are statements of Plaintiffs' legal position, to which no response is

13  required; to the extent such allegations require a response, Defendants state that

14  they are without sufficient knowledge or information to form a belief as to the

15  allegations contained in said paragraph, and on that basis deny each and every

16  allegation in said paragraph.

17  329.   Answering paragraph 329 of the Complaint, Defendants state that said

18  paragraph asserts conclusions of law to which no response is required; and further

19  state the allegations contained in paragraph 329 are statements of Plaintiffs' legal

20  position, to which no response is required.

21  330.   Answering paragraph 330 of the Complaint, Defendants state that they

22  are without sufficient knowledge or information to form a belief as to the

23  allegations contained in said paragraph, and on that basis deny each and every

24  allegation in said paragraph.

25  331.   Answering paragraph 331 of the Complaint, Defendants admit that

26  Plaintiffs appear to be referring to a specific document and state that such document

27  speaks for itself; and except as admitted, deny each and every allegation in said

28  paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

332.   Answering paragraph 332 of the Complaint, Defendants admit that Plaintiffs appear to be referring to a specific document and state that such document speaks for itself; state that they are without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis deny each and every allegation in said paragraph.

333.   Answering paragraph 333 of the Complaint, Defendants admit that Plaintiffs appear to be referring to a specific document and state that such document speaks for itself; state that they are without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis deny each and every allegation in said paragraph.

334.   Answering paragraph 334 of the Complaint, Defendants admit that Plaintiffs appear to be referring to specific documents and state that such documents speak for themselves; and except as admitted, deny each and every allegation in said paragraph.

335.   Answering paragraph 335 of the Complaint, Defendants deny each and every allegation in said paragraph.

336.   Answering paragraph 336 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; further state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

337.   Answering paragraph 337 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; further state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

**K.   Commission of Prohibited Transactions By TLIC For Payment of Investment Management/Advisory Fees To Its Affiliates That Advise/Subadvise Collective Investment Trusts or Traditional Separate Accounts**

338.   Answering paragraph 338 of the Complaint, Defendants admit that TAM is the investment manager to certain collective investment trusts in which the Transamerica Partners Mid Value Ret Opt and the Transamerica Partners High Yield Bond Ret Opt separate accounts invest; and except as admitted, deny each and every allegation in said paragraph.

339.   Answering paragraph 339 of the Complaint, deny each and every allegation in said paragraph.

340.   Answering paragraph 340 of the Complaint, Defendants admit each and every allegation in said paragraph.

341.   Answering paragraph 341 of the Complaint, Defendants deny each and every allegation in said paragraph.

342.   Answering paragraph 342 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

**VII.   PLAINTIFFS' IAA CLAIMS**

343.   Answering paragraph 343 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

344.   Answering paragraph 344 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

345.   Answering paragraph 345 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

346.   Answering paragraph 346 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

347.   Answering paragraph 347 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

348.   Answering paragraph 348 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

349.   Answering paragraph 349 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

350.   Answering paragraph 350 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

351.   Answering paragraph 351 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

352.    Answering paragraph 352 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

353.    Answering paragraph 353 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

354.    Answering paragraph 354 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

355.    Answering paragraph 355 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

356.    Answering paragraph 356 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

357.    Answering paragraph 357 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

358.    Answering paragraph 358 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

359.   Answering paragraph 359 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

360.   Answering paragraph 360 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

361.   Answering paragraph 361 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

362.   Answering paragraph 362 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

363.   Answering paragraph 363 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

364.   Answering paragraph 364 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

365.   Answering paragraph 365 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

366.   Answering paragraph 366 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

367.   Answering paragraph 367 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

368.   Answering paragraph 368 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

369.   Answering paragraph 369 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

**VIII.  CLASS ALLEGATIONS FOR CLAIMS ARISING UNDER (A) ERISA AND (B) THE IAA**

370.   Answering paragraph 370 of the Complaint, Defendants state that the allegations are statements of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants admit that Plaintiffs purport to assert their claims on behalf of certain employee benefit plans but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

371.   Answering paragraph 371 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

372.   Answering paragraph 372 of the Complaint, Defendants admit that Plaintiffs purport to exclude certain persons or entities from the class they purport to represent, but deny that class certification is appropriate; and except as admitted, deny each and every allegation in said paragraph.

373.   Answering paragraph 373 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph, and specifically deny that class certification is appropriate.

374.   Answering paragraph 374 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph, and specifically deny that class certification is appropriate.

375.   Answering paragraph 375 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

376.   Answering paragraph 376 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants state they are without sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis deny each and every allegation in said paragraph.

377.   Answering paragraph 377 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants state they are without sufficient knowledge or information to form a belief as to the

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1   allegations contained in said paragraph, and on that basis deny each and every

2   allegation in said paragraph.

3        378.   Answering paragraph 378 of the Complaint, Defendants state that the

4   allegations are a statement of Plaintiffs' legal position, to which no response is

5   required; to the extent such allegations require a response, Defendants state they

6   are without sufficient knowledge or information to form a belief as to the

7   allegations contained in said paragraph, and on that basis deny each and every

8   allegation in said paragraph.

9        379.   Answering paragraph 379 of the Complaint, Defendants state that the

10  allegations are a statement of Plaintiffs' legal position, to which no response is

11  required; to the extent such allegations require a response, Defendants state they

12  are without sufficient knowledge or information to form a belief as to the

13  allegations contained in said paragraph, and on that basis deny each and every

14  allegation in said paragraph.

15       380.   Answering paragraph 380 of the Complaint, Defendants state that the

16  allegations are a statement of Plaintiffs' legal position, to which no response is

17  required; to the extent such allegations require a response, Defendants state they

18  are without sufficient knowledge or information to form a belief as to the

19  allegations contained in said paragraph, and on that basis deny each and every

20  allegation in said paragraph.

21       381.   Answering paragraph 381 of the Complaint, Defendants state that the

22  allegations are a statement of Plaintiffs' legal position, to which no response is

23  required; to the extent such allegations require a response, Defendants deny each

24  and every allegation in said paragraph.

25       382.   Answering paragraph 382 of the Complaint, Defendants state that the

26  allegations are a statement of Plaintiffs' legal position, to which no response is

27  required; to the extent such allegations require a response, Defendants deny each

28  and every allegation in said paragraph.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

383.   Answering paragraph 383 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

384.   Answering paragraph 384 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

385.   Answering paragraph 385 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

386.   Answering paragraph 386 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

387.   Answering paragraph 387 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

388.   Answering paragraph 388 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

389.   Answering paragraph 389 of the Complaint, Defendants state that the allegations are a statement of Plaintiffs' legal position, to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

IX.   **DERIVATIVE ALLEGATIONS FOR CLAIMS ARISING UNDER IAA §215(b) 15. U.S.C. §80b-15(b) FOR TLIC'S VIOLATION OF IAA §203, 15 U.S.C. §80b-3**

390.   Answering paragraph 390 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

391.   Answering paragraph 391 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

392.   Answering paragraph 392 of the Complaint, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

## COUNT I

1.   Answering paragraph 1 of Count I, Defendants restate and incorporate by reference all responses to the allegations in the previous paragraphs of the Complaint.

2.   Answering paragraph 2 of Count I, Defendants state that said paragraph asserts conclusions of law to which no response is required.

3.   Answering paragraph 3 of Count I, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

4.   Answering paragraph 4 of Count I, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1  such allegations require a response, Defendants deny each and every allegation in

2  said paragraph.

3       5.     Answering paragraph 5 of Count I, Defendants state that said

4  paragraph asserts conclusions of law to which no response is required; to the extent

5  such allegations require a response, Defendants deny each and every allegation in

6  said paragraph.

7       6.     Answering paragraph 6 of Count I, Defendants state that said

8  paragraph asserts conclusions of law to which no response is required; to the extent

9  such allegations require a response, Defendants deny each and every allegation in

10  said paragraph.

11       7.     Answering paragraph 7 of Count I, Defendants state that said

12  paragraph asserts conclusions of law to which no response is required; to the extent

13  such allegations require a response, Defendants deny each and every allegation in

14  said paragraph.

15       8.     Answering paragraph 8 of Count I, Defendants state that said

16  paragraph asserts conclusions of law to which no response is required; to the extent

17  such allegations require a response, Defendants deny each and every allegation in

18  said paragraph.

19       9.     Answering paragraph 9 of Count I, Defendants state that said

20  paragraph asserts conclusions of law to which no response is required; to the extent

21  such allegations require a response, Defendants deny each and every allegation in

22  said paragraph.

23       10.     Answering paragraph 10 of Count I, Defendants state that said

24  paragraph asserts conclusions of law to which no response is required; to the extent

25  such allegations require a response, Defendants deny each and every allegation in

26  said paragraph.

27       11.     Answering paragraph 11 of Count I, Defendants state that said

28  paragraph asserts conclusions of law to which no response is required; to the extent

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1    such allegations require a response, Defendants deny each and every allegation in

2    said paragraph.

3

4                                        **COUNT II**

5          1.      Answering paragraph 1 of Count II, Defendants restate and incorporate

6    by reference all responses to the allegations in the previous paragraphs of the

7    Complaint.

8          2.      Answering paragraph 2 of Count II, Defendants state that said

9    paragraph asserts conclusions of law to which no response is required.

10         3.      Answering paragraph 3 of Count II, Defendants state that said

11   paragraph asserts conclusions of law to which no response is required; to the extent

12   such allegations require a response, Defendants deny each and every allegation in

13   said paragraph.

14         4.      Answering paragraph 4 of Count II, Defendants state that said

15   paragraph asserts conclusions of law to which no response is required; to the extent

16   such allegations require a response, Defendants deny each and every allegation in

17   said paragraph.

18         5.      Answering paragraph 5 of Count II, Defendants state that said

19   paragraph asserts conclusions of law to which no response is required; to the extent

20   such allegations require a response, Defendants deny each and every allegation in

21   said paragraph.

22         6.      Answering paragraph 6 of Count II, Defendants state that said

23   paragraph asserts conclusions of law to which no response is required; to the extent

24   such allegations require a response, Defendants deny each and every allegation in

25   said paragraph.

26         7.      Answering paragraph 7 of Count II, Defendants state that said

27   paragraph asserts conclusions of law to which no response is required; to the extent

28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1   such allegations require a response, Defendants deny each and every allegation in

2   said paragraph.

3       8.      Answering paragraph 8 of Count II, Defendants state that said

4   paragraph asserts conclusions of law to which no response is required; to the extent

5   such allegations require a response, Defendants deny each and every allegation in

6   said paragraph.

7       9.      Answering paragraph 9 of Count II, Defendants state that said

8   paragraph asserts conclusions of law to which no response is required; to the extent

9   such allegations require a response, Defendants deny each and every allegation in

10  said paragraph.

11      10.     Answering paragraph 10 of Count II, Defendants state that said

12  paragraph asserts conclusions of law to which no response is required; to the extent

13  such allegations require a response, Defendants deny each and every allegation in

14  said paragraph.

15      11.     Answering paragraph 11 of Count II, Defendants state that said

16  paragraph asserts conclusions of law to which no response is required; to the extent

17  such allegations require a response, Defendants deny each and every allegation in

18  said paragraph.

19

20                          **COUNT III**

21      1.      Answering paragraph 1 of Count III, Defendants restate and

22  incorporate by reference all responses to the allegations in the previous paragraphs

23  of the Complaint.

24      2.      Answering paragraph 2 of Count III, Defendants state that said

25  paragraph asserts conclusions of law to which no response is required.

26      3.      Answering paragraph 3 of Count III, Defendants state that said

27  paragraph asserts conclusions of law to which no response is required; to the extent

28

1  such allegations require a response, Defendants deny each and every allegation in
2  said paragraph.

3      4.      Answering paragraph 4 of Count III, Defendants state that said
4  paragraph asserts conclusions of law to which no response is required; to the extent
5  such allegations require a response, Defendants deny each and every allegation in
6  said paragraph.

7      5.      Answering paragraph 5 of Count III, Defendants state that said
8  paragraph asserts conclusions of law to which no response is required; to the extent
9  such allegations require a response, Defendants deny each and every allegation in
10  said paragraph.

11      6.      Answering paragraph 6 of Count III, Defendants state that said
12  paragraph asserts conclusions of law to which no response is required; to the extent
13  such allegations require a response, Defendants deny each and every allegation in
14  said paragraph.

15      7.      Answering paragraph 7 of Count III, Defendants state that said
16  paragraph asserts conclusions of law to which no response is required; to the extent
17  such allegations require a response, Defendants deny each and every allegation in
18  said paragraph.

19      8.      Answering paragraph 8 of Count III, Defendants state that said
20  paragraph asserts conclusions of law to which no response is required; to the extent
21  such allegations require a response, Defendants deny each and every allegation in
22  said paragraph.

23      9.      Answering paragraph 9 of Count III, Defendants state that said
24  paragraph asserts conclusions of law to which no response is required; to the extent
25  such allegations require a response, Defendants deny each and every allegation in
26  said paragraph.

27      10.      Answering paragraph 10 of Count III, Defendants state that said
28  paragraph asserts conclusions of law to which no response is required; to the extent

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1  such allegations require a response, Defendants deny each and every allegation in

2  said paragraph.

3       11.    Answering paragraph 11 of Count III, Defendants state that said

4  paragraph asserts conclusions of law to which no response is required; to the extent

5  such allegations require a response, Defendants deny each and every allegation in

6  said paragraph.

7

8                              **COUNT IV**

9       1.    Answering paragraph 1 of Count IV, Defendants restate and

10  incorporate by reference all responses to the allegations in the previous paragraphs

11  of the Complaint.

12       2.    Answering paragraph 2 of Count IV, Defendants state that said

13  paragraph asserts conclusions of law to which no response is required.

14       3.    Answering paragraph 3 of Count IV, Defendants state that said

15  paragraph asserts conclusions of law to which no response is required; to the extent

16  such allegations require a response, Defendants deny each and every allegation in

17  said paragraph.

18       4.    Answering paragraph 4 of Count IV, Defendants state that said

19  paragraph asserts conclusions of law to which no response is required; to the extent

20  such allegations require a response, Defendants deny each and every allegation in

21  said paragraph.

22       5.    Answering paragraph 5 of Count IV, Defendants state that said

23  paragraph asserts conclusions of law to which no response is required; to the extent

24  such allegations require a response, Defendants deny each and every allegation in

25  said paragraph.

26       6.    Answering paragraph 6 of Count IV, Defendants state that said

27  paragraph asserts conclusions of law to which no response is required; to the extent

28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1  such allegations require a response, Defendants deny each and every allegation in

2  said paragraph.

3      7.     Answering paragraph 7 of Count IV, Defendants state that said

4  paragraph asserts conclusions of law to which no response is required; to the extent

5  such allegations require a response, Defendants deny each and every allegation in

6  said paragraph.

7      8.     Answering paragraph 8 of Count IV, Defendants state that said

8  paragraph asserts conclusions of law to which no response is required; to the extent

9  such allegations require a response, Defendants deny each and every allegation in

10  said paragraph.

11

12                              **COUNT V**

13      1.     Answering paragraph 1 of Count V, Defendants restate and

14  incorporate by reference all responses to the allegations in the previous paragraphs

15  of the Complaint.

16      2.     Answering paragraph 2 of Count V, Defendants state that said

17  paragraph asserts conclusions of law to which no response is required.

18      3.     Answering paragraph 3 of Count V, Defendants state that said

19  paragraph asserts conclusions of law to which no response is required; to the extent

20  such allegations require a response, Defendants deny each and every allegation in

21  said paragraph.

22      4.     Answering paragraph 4 of Count V, Defendants state that said

23  paragraph asserts conclusions of law to which no response is required; to the extent

24  such allegations require a response, Defendants deny each and every allegation in

25  said paragraph.

26      5.     Answering paragraph 5 of Count V, Defendants state that said

27  paragraph asserts conclusions of law to which no response is required; to the extent

28

ANSWER & AFFIRMATIVE DEFENSES
                                    CASE NO. 2:12-CV-02782-DDP-MAN

1   such allegations require a response, Defendants deny each and every allegation in

2   said paragraph.

3       6.      Answering paragraph 6 of Count V, Defendants state that said

4   paragraph asserts conclusions of law to which no response is required; to the extent

5   such allegations require a response, Defendants deny each and every allegation in

6   said paragraph.

7       7.      Answering paragraph 7 of Count V, Defendants state that said

8   paragraph asserts conclusions of law to which no response is required; to the extent

9   such allegations require a response, Defendants deny each and every allegation in

10  said paragraph.

11      8.      Answering paragraph 8 of Count V, Defendants state that said

12  paragraph asserts conclusions of law to which no response is required; to the extent

13  such allegations require a response, Defendants deny each and every allegation in

14  said paragraph.

15      9.      Answering paragraph 9 of Count V, Defendants state that said

16  paragraph asserts conclusions of law to which no response is required; to the extent

17  such allegations require a response, Defendants deny each and every allegation in

18  said paragraph.

19

20                      **COUNT VI**

21      1.      Answering paragraph 1 of Count VI, Defendants restate and

22  incorporate by reference all responses to the allegations in the previous paragraphs

23  of the Complaint.

24      2.      Answering paragraph 2 of Count VI, Defendants state that said

25  paragraph asserts conclusions of law to which no response is required.

26      3.      Answering paragraph 3 of Count VI, Defendants state that said

27  paragraph asserts conclusions of law to which no response is required; to the extent

28

ANSWER & AFFIRMATIVE DEFENSES
                                CASE NO. 2:12-CV-02782-DDP-MAN

such allegations require a response, Defendants deny each and every allegation in said paragraph.

4.     Answering paragraph 4 of Count VI, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

5.     Answering paragraph 5 of Count VI, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

6.     Answering paragraph 6 of Count VI, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

7.     Answering paragraph 7 of Count VI, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

8.     Answering paragraph 8 of Count VI, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

9.     Answering paragraph 9 of Count VI, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants deny each and every allegation in said paragraph.

10.     Answering paragraph 10 of Count VI, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1   such allegations require a response, Defendants deny each and every allegation in

2   said paragraph.

3          11.    Answering paragraph 11 of Count VI, Defendants state that said

4   paragraph asserts conclusions of law to which no response is required; to the extent

5   such allegations require a response, Defendants deny each and every allegation in

6   said paragraph.

7

8                                    **COUNT VII**

9          1.     Answering paragraph 1 of Count VII, Defendants restate and

10  incorporate by reference all responses to the allegations in the previous paragraphs

11  of the Complaint.

12         2.     Answering paragraph 2 of Count VII, Defendants state that said

13  paragraph asserts conclusions of law to which no response is required.

14         3.     Answering paragraph 3 of Count VII, Defendants state that said

15  paragraph asserts conclusions of law to which no response is required; to the extent

16  such allegations require a response, Defendants deny each and every allegation in

17  said paragraph.

18         4.     Answering paragraph 4 of Count VII, Defendants state that said

19  paragraph asserts conclusions of law to which no response is required; to the extent

20  such allegations require a response, Defendants deny each and every allegation in

21  said paragraph.

22         5.     Answering paragraph 5 of Count VII, Defendants state that said

23  paragraph asserts conclusions of law to which no response is required; to the extent

24  such allegations require a response, Defendants deny each and every allegation in

25  said paragraph.

26         6.     Answering paragraph 6 of Count VII, Defendants state that said

27  paragraph asserts conclusions of law to which no response is required; to the extent

28

1  such allegations require a response, Defendants deny each and every allegation in

2  said paragraph.

3        7.     Answering paragraph 7 of Count VII, Defendants state that said

4  paragraph asserts conclusions of law to which no response is required; to the extent

5  such allegations require a response, Defendants deny each and every allegation in

6  said paragraph.

7        8.     Answering paragraph 8 of Count VII, Defendants state that said

8  paragraph asserts conclusions of law to which no response is required; to the extent

9  such allegations require a response, Defendants deny each and every allegation in

10  said paragraph.

11

12  **COUNT VIII**

13        1.     Answering paragraph 1 of Count VIII, state that these allegations

14  relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19,

15  2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss

16  (Dkt. 137), and that no response is required; Defendants restate and incorporate by

17  reference all responses to the allegations in the previous paragraphs of the

18  Complaint.

19        2.     Answering paragraph 2 of Count VIII, Defendants state that these

20  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

21  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

22  to Dismiss (Dkt. 137), and that no response is required.

23        3.     Answering paragraph 3 of Count VIII, Defendants state that these

24  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

25  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

26  to Dismiss (Dkt. 137), and that no response is required.

27        4.     Answering paragraph 4 of Count VIII, Defendants state that these

28  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

1    February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

2    to Dismiss (Dkt. 137), and that no response is required.

3              5.      Answering paragraph 5 of Count VIII, Defendants state that these

4    allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

5    February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

6    to Dismiss (Dkt. 137), and that no response is required.

7              6.      Answering paragraph 6 of Count VIII, Defendants state that these

8    allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

9    February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

10   to Dismiss (Dkt. 137), and that no response is required.

11             7.      Answering paragraph 7 of Count VIII, Defendants state that these

12   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

13   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

14   to Dismiss (Dkt. 137), and that no response is required.

15             8.      Answering paragraph 8 of Count VIII, Defendants state that these

16   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

17   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

18   to Dismiss (Dkt. 137), and that no response is required.

19             9.      Answering paragraph 9 of Count VIII, Defendants state that these

20   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

21   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

22   to Dismiss (Dkt. 137), and that no response is required.

23             10.     Answering paragraph 10 of Count VIII, Defendants state that these

24   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

25   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

26   to Dismiss (Dkt. 137), and that no response is required.

27             11.     Answering paragraph 11 of Count VIII, Defendants state that these

28   allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

12. Answering paragraph 12 of Count VIII, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

13. Answering paragraph 13 of Count VIII, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

14. Answering paragraph 14 of Count VIII, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

15. Answering paragraph 15 of Count VIII, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

16. Answering paragraph 16 of Count VIII, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

17. Answering paragraph 17 of Count VIII, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 137), and that no response is required.

18. Answering paragraph 18 of Count VIII, Defendants state that these allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1   February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

2   to Dismiss (Dkt. 137), and that no response is required.

3

4                                       **COUNT IX**

5          1.      Answering paragraph 1 of Count IX, state that these allegations relate

6   only to Plaintiffs' IAA claims, which the Court dismissed in its February 19, 2013

7   Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt.

8   137), and that no response is required; Defendants restate and incorporate by

9   reference all responses to the allegations in the previous paragraphs of the

10  Complaint.

11         2.      Answering paragraph 2 of Count IX, Defendants state that these

12  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

13  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

14  to Dismiss (Dkt. 137), and that no response is required.

15         3.      Answering paragraph 3 of Count IX, Defendants state that these

16  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

17  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

18  to Dismiss (Dkt. 137), and that no response is required.

19         4.      Answering paragraph 4 of Count IX, Defendants state that these

20  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

21  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

22  to Dismiss (Dkt. 137), and that no response is required.

23         5.      Answering paragraph 5 of Count IX, Defendants state that these

24  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

25  February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions

26  to Dismiss (Dkt. 137), and that no response is required.

27         6.      Answering paragraph 6 of Count IX, Defendants state that these

28  allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its

February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions
to Dismiss (Dkt. 137), and that no response is required.

7.      Answering paragraph 7 of Count IX, Defendants state that these
allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its
February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions
to Dismiss (Dkt. 137), and that no response is required.

8.      Answering paragraph 8 of Count IX, Defendants state that these
allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its
February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions
to Dismiss (Dkt. 137), and that no response is required.

9.      Answering paragraph 9 of Count IX, Defendants state that these
allegations relate only to Plaintiffs' IAA claims, which the Court dismissed in its
February 19, 2013 Order Granting in Part and Denying in Part Defendants' Motions
to Dismiss (Dkt. 137), and that no response is required.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses.  By alleging these
affirmative defenses, Defendants do not agree or concede that they have the burden
of proof on any of the issues raised in these defenses or that any particular issue or
subject matter herein is relevant to Plaintiffs' allegations.

### **First Affirmative Defense**
**(Standing)**

Plaintiffs lack constitutional and statutory standing to bring the claims
alleged.

1
2

**Second Affirmative Defense
(Failure to State a Claim)**

Plaintiffs fail to state a claim or cause of action upon which relief can be

3
4

granted.

5
6

**Third Affirmative Defense
(Failure to Allege Fraud With Particularity)**

7

Insofar as Plaintiffs purport to allege claims of breach of fiduciary duty as a

8

result of misrepresentations, the circumstances constituting the alleged fraud or

9

mistake have not been alleged with the requisite particularity required by Federal

10

Rule of Civil Procedure 9(b).

11

12
13

**Fourth Affirmative Defense
(Statute of Limitations)**

14

Plaintiffs' claims, and those of the members of the putative class, are barred

15

in whole or in part by the applicable statute of limitations, including but not limited

16

to ERISA § 413, 29 U.S.C. § 1113.

17
18

**Fifth Affirmative Defense
(Not Appropriate Relief)**

19

The claimed relief does not constitute appropriate relief under ERISA

20

§ 502(a)(2), 29 U.S.C. § 1132(a)(2).

21

22
23

**Sixth Affirmative Defense
(Not Appropriate Relief)**

24

To the extent Plaintiffs seek relief that does not constitute appropriate

25

equitable relief, they are not entitled to it under ERISA § 502(a)(3), 29 U.S.C.

26

§ 1132(a)(3).

27
28

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Seventh Affirmative Defense**
**(Not Appropriate Relief)**

Without conceding that any Defendant is a fiduciary with respect to the

conduct complained of by Plaintiffs, Plaintiffs' claims against TIM and TAM,

and those of the members of the putative class, are barred in whole or in part

because the relief they seek does not constitute appropriate equitable relief against

a non-fiduciary under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**Eighth Affirmative Defense**
**(Nonjoinder)**

Plaintiffs' claims, and those of the members of the putative class, are barred

in whole or in part by the doctrine of nonjoinder, because Plaintiffs have failed to

join necessary and indispensable parties.

**Ninth Affirmative Defense**
**(Prudent Action)**

Without conceding that any Defendant is a fiduciary with respect to the

conduct complained of by Plaintiffs, Plaintiffs' claims, and those of the members of

the putative class, are barred in whole or in part because Defendants' actions were

both procedurally and substantively prudent and cannot give rise to fiduciary

liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

**Tenth Affirmative Defense**
**(Bad Faith)**

The claims alleged in the Complaint were brought in bad faith and on the

basis of insufficient factual investigation by Plaintiffs and their counsel, resulting in

unreasonable and vexatious proceedings.  Under ERISA § 502(g)(1), 29 U.S.C. §

1132(g)(1), and 28 U.S.C. § 1927, Defendants' costs and attorneys' fees should be

assessed against Plaintiffs and their counsel and awarded to Defendants.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

**Eleventh Affirmative Defense**
**(Failure to Exhaust Administrative Remedies)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part by their failure to exhaust administrative remedies.

**Twelfth Affirmative Defense**
**(Laches)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of laches.

**Thirteenth Affirmative Defense**
**(Independent Control)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part to the extent that Plaintiffs exercised independent control over their Plan accounts.

**Fourteenth Affirmative Defense**
**(Independent Control/ERISA § 404(c))**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part by application of ERISA § 404(c), 29 U.S.C. § 1104(c).

**Fifteenth Affirmative Defense**
**(Causation)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part because any losses alleged by Plaintiffs were not caused by any alleged breach of fiduciary duty by the Defendants.

**Sixteenth Affirmative Defense**
**(Waiver)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of waiver.

**Seventeenth Affirmative Defense**
**(Estoppel)**

Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of estoppel.

**Eighteenth Affirmative Defense**
**(No Jury Trial)**

Plaintiffs are not entitled to a jury trial.

**Nineteenth Affirmative Defense**
**(ERISA § 408)**

Without conceding that any Defendant is a fiduciary with respect to the conduct complained of by Plaintiffs, to the extent that Plaintiffs can establish any transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, Plaintiffs' claims, and those of the members of the putative class, are barred in whole or in part because ERISA § 408, 29 U.S.C. § 1108, exempts all such transactions.

**Reservation of Rights to Assert Additional Defenses**

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

ANSWER & AFFIRMATIVE DEFENSES
CASE NO. 2:12-CV-02782-DDP-MAN

1

## **PRAYER FOR JUDGMENT**

2   WHEREFORE, Defendants pray for judgment as follows:

3   1.      That Plaintiffs take nothing by the Complaint;

4   2.      That the Complaint, and each cause of action therein, be dismissed

5           with prejudice;

6   3.      That Defendants be awarded their costs of suit, including attorneys'

7           fees; and

8   4.      That the Court award such other relief as it deems just and appropriate.

9

10

       Dated:       April 18, 2013          O'MELVENY & MYERS
11

12                                          By: /s/ Catalina J. Vergara
                                                 Catalina J. Vergara
13

14                                          ROBERT ECCLES
                                            *reccles@omm.com*
15                                          BRIAN BOYLE
                                            *bboyle@omm.com*
16                                          SHANNON BARRETT
                                            *sbarrett@omm.com*
17                                          O'MELVENY & MYERS LLP
                                            1625 Eye Street, NW
18                                          Washington, D.C. 20006-4001
                                            Telephone:   (202) 383-5300
19                                          Facsimile:   (202) 383-5414

20                                          CATALINA J. VERGARA
                                            *cvergara@omm.com*
21                                          MATTHEW C. HIPP
                                            *mhipp@omm.com*
22                                          CHRISTOPHER B. CRAIG
                                            *christophercraig@omm.com*
23                                          O'MELVENY & MYERS LLP
                                            400 South Hope Street
24                                          Los Angeles, CA  90071-2899
                                            Telephone:   (213) 430-6000
25                                          Facsimile:   (213) 430-6407

26                                          *Attorneys for Defendants*

27

28