O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN SANTOMENNO; KAREN POLEY; BARBARA POLEY,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY; TRANSAMERICA INVESTMENT MANAGEMENT, LLC; TRANSAMERICA ASSET MANAGEMENT INC.,<br><br>　　　　　Defendants.<br>_____ | Case No. CV 12-02782 DDP (MANx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO AMEND**<br><br>[Dkt. No. 140] |

　　Presently before the court is Defendants Transamerica Life Insurance Company, Transamerica Investment Management, LLC, and Transamerica Asset Management, Inc.'s Motion to Amend the Court's February 19, 2013 Order in Order to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). Having considered the parties' submissions and heard oral argument, the court adopts the following order.

　　Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where the order involves a

"controlling question of law as to which there is a substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." A controlling question is one the resolution of which "could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). "[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011)(quoting 28 U.S.C. § 1292(b)).

In its Order denying in part Defendants' Motion to Dismiss, the court found that Defendants were fiduciaries with respect to their fees for several independent reasons. First, the court found that, given the facts as pleaded in the Complaint, Defendants' fiduciary duties attached at the time they negotiated their fees, and therefore they were fiduciaries with respect to those fees. Second, the court found that by retaining the right to modify their fees and the investment line-up, Defendants retained sufficient discretion over their fees to make them fiduciaries with respect to those fees.

Here, Defendants seek to certify the question, "[w]hether a service provider is a fiduciary with respect to fees charged to an ERISA plan where the plan's named fiduciary agreed to the fees before the service provider charged and collected them." (Mot. at 1.) As Defendants concede, this question applies only to the first of the court's findings regarding Defendants' fiduciary status.

2

Defendants concede that even if the Court of Appeals were to reverse this court on the first theory of fiduciary duty, Plaintiffs would be able to proceed on the narrower theory. Nonetheless, Defendants argue that it is a controlling question because "such narrower assertions of fiduciary status will involve a host of plan-specific factual issues requiring discovery and separate factfinding." (Reply at 7.)

The court notes that its "broader" theory of Defendants' fiduciary status is not as broad as Defendants make out; it is based on the specific allegations in the Complaint. These allegations are known to the parties and need not be restated. The court also believes it worth restating that nothing in the February 19 Order is intended to imply that Defendants are precluded from charging fees that are consistent with those charged by service providers in general. Order at 13 ("TLIC is entitled to reasonable fees and profits for the services that it provides to the plans, but as a fiduciary TLIC is accountable for the reasonableness of those fees.").

In short, whether Defendants' fiduciary duty is considered to attach at the time of the negotiations of the contracts or by virtue of the discretion retained in the contract, preparation for certification motions will require a largely similar scope of discovery. Thus, it does not appear that certifying the question would materially advance the litigation.

While it may be the case that a substantial ground for difference of opinion exists with respect to certain aspects of this court's Order denying in part Defendants' motion to dismiss, it is not clear that resolving the question posed by the Defendants

would materially advance the litigation. The court therefore DENIES the Motion to Amend.

IT IS SO ORDERED.

Dated: April 25, 2013

DEAN D. PREGERSON
United States District Judge

4