O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN SANTOMENNO; KAREN POLEY; BARBARA POLEY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY; TRANSAMERICA INVESTMENT MANAGEMENT, LLC; TRANSAMERICA ASSET MANAGEMENT INC.,<br><br>　　　　Defendants.<br>_____ | Case No. CV 12-02782 DDP (MANx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>[Dkt. No. 143] |

　　Before the court is Defendants Transamerica Life Insurance Company ("TLIC"), Transamerica Investment Management, LLC, and Transamerica Asset Management Inc.'s Motion to Strike Class Allegations in Part.  Having considered the parties' submissions, the court adopts the following order.

**I. Background**

　　The background of this case is explained in detail in the court's Order of February 19, 2013, Granting in Part and Denying in Part Defendants' Motions to Dismiss. (Dkt. No. 137.)  In that

Motion, Defendants argued that TLIC is not a fiduciary with respect to the terms of its own compensation because those terms were negotiated by a named fiduciary prior to TLIC assuming a fiduciary duty. This court disagreed and found that Plaintiffs had stated a claim for TLIC's fiduciary duty to Plaintiffs with respect to the fees they charge in their 401(k) plan product.

**II. Legal Standard**

Under Rule 23, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). In conducting a Rule 23 action, "the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).

**III. Defendants' Claims**

Defendants move to strike the class allegations "with respect to plans in which Plaintiffs themselves have not participated." (Mot. at 18.) They argue that the class definition improperly excludes from the litigation the named fiduciaries of the employee benefit plans in which putative class members are participants. Defendants maintain that this is improper for a number of reasons.

First, Defendants argue that excluding the named fiduciaries undermines ERISA's structure of fiduciary responsibility because it denies those named fiduciaries a voice in the litigation, despite the named fiduciaries' roles in selecting TLIC as a service provider and managing their respective ERISA plans. As a result of this exclusion, TLIC argues, the named fiduciaries will be unable to fulfill their duty to protect the plans from harmful costs of

litigation and from the loss of their service plans that would result from the litigation's success.

Second, Defendants argue that only the named fiduciaries have the authority to settle or release claims on behalf of plans, and that the relief Plaintiffs seek - which Defendants understand as disgorgement of all or some of the fees they have charged plans - would necessarily require TLIC to terminate its service contracts with the plans, thus requiring the named fiduciaries to obtain replacement service providers.

Third, Defendants argue that the only way a multi-plan class would be appropriate is if the named fiduciaries were the class representatives, because those named fiduciaries retained TLIC as a service provider and are responsible for monitoring TLIC's ongoing performance and fees.

Finally, Defendants argue that Plaintiffs are not adequate representatives for a class that comprises participants in other employee benefit plans because they have no connection to those plans and would be in effect usurping the role of the named fiduciaries.

**IV. Discussion**

Defendants seek to limit the class to participants in the employee benefit plans in which the named plaintiffs are also participants.  Defendants' logic appears to be that only by limiting the class can the plans' named fiduciaries participate fully in the litigation, and their full participation is required to protect the plans' interests both during and after the litigation.

3

The court notes, first, that while every employee benefit plan has one or more "named fiduciaries" who are named in the plan instrument and who have certain responsibilities with respect to the plan, 29 U.S.C. § 1102, all parties who have fiduciary duty to the plan are subject to liability for breach of such duty. 29 U.S.C. § 1109 ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.").

The court has already determined that Plaintiffs have stated a claim for TLIC's fiduciary duty to them with respect to their fees. This means that Plaintiffs may hold TLIC accountable for the reasonableness of their fees, among other things. Without either acknowledging or disavowing this duty, Defendants propose a litany of reasons why Plaintiffs' claims must nonetheless pass through the named fiduciaries. They argue that as individual participants in employee benefit plans, Plaintiffs do not have the responsibility to consider the interest of the plan but only their interest in pursuing the litigation. Defendants argue that this causes problems for the ERISA structure because a successful outcome of the litigation is likely to involve modifications to or termination of numerous employee benefit plans, which would have adverse

implications for all plan participants, even if it also involved a payout of damages to Plaintiffs.

Assuming <u>arguendo</u> that Defendants have breached their fiduciary duty to Plaintiffs and that Plaintiffs are entitled to damages, the issue of such a breach is distinct from the issue of whether the employee benefit plan provisions will need to be modified.  Presumably if Plaintiffs are successful, Defendants would feel it is appropriate to modify the plan provisions.  That decision is independent of whether Plaintiffs are entitled to damages for past alleged conduct.

Defendants make the apocalyptic argument that they will by choice or necessity cease providing any services to employee benefit plans if they are obligated to return or reduce their fees.  This sidesteps the issue of Defendants' alleged breach of fiduciary duty.  Plaintiffs have alleged that TLIC charges excessive fees.  This matter is at an early stage in the proceedings.  The court has no opinion on whether any fees charged were excessive and does not presume it to be the case.  Defendants are entitled to charge reasonable fees.  (Order Granting in Part and Denying in Part Defendants' Motions to Dismiss at 13 (February 19, 2013)("TLIC is entitled to reasonable fees and profits for the services that it provides to the plans, but as a fiduciary TLIC is accountable for the reasonableness of those fees.").)  Defendants' fees may well be reasonable; Plaintiffs have the burden of proof on that issue.  But the determination of reasonableness is separate from the subsequent question of how the plans would be modified if a breach were to be found.

Defendants' arguments do not directly challenge the suitability of Plaintiffs' claims for class treatment. Defendants appear to argue that the named fiduciaries are necessary parties to the action and, indeed, are the only proper parties to bring such an action because only they may make all plan decisions and only they can settle and release any claims of the plan. As Plaintiffs point out, this argument is not specific to the class context; to the extent that it is valid, it should apply as much to the individual Plaintiffs as to the putative class. Defendants' argument thus appears to be less a challenge to class allegations and more another 12(b)(6)-type challenge to Plaintiffs' ability to bring their claims at all. Hence, it bears little weight in a motion to strike class allegations.

At this stage of the litigation, the court sees no need to amend class allegations by limiting the class to participants in those benefit plans in which Plaintiffs have participated. Plaintiffs have stated a claim for TLIC's fiduciary responsibility to them and to the potential class members. If TLIC is a fiduciary, Plaintiffs may bring an action against TLIC for breach of fiduciary duty. Defendants have not demonstrated that the putative class fails to meet the Rule 23 requirements as a matter of law, or that the issues in the case cannot be handled with common proof. In <u>Vinole v. Countrywide Home Loans, Inc.</u>, the district court found that individualized issues would predominate and on that ground denied certification before Plaintiffs had filed a motion to certify. 571 F.3d 935, 946-47 (9th Cir. 2009). Here, in contrast, Defendants' concerns pertain more to the consequences of such litigation and how remedies might be handled. These

6

concerns do not go to the question of whether Plaintiffs' claims that TLIC's fees are excessive are susceptible to class treatment.

Defendants will have the opportunity to make factual arguments against certification at a later stage in the litigation. The court has already considered Defendants' arguments regarding their fiduciary duty to Plaintiffs in the Motion to Dismiss. The court declines now to find that despite Defendants' potential fiduciary duty to benefit plan participants, only a plan's named fiduciaries are in a position to challenge TLIC's fees as potentially excessive. To the extent that these issues arise and are developed through facts and then presented in opposition to a class certification motion, the court will address them at that time.

IT IS SO ORDERED.

Dated: May 21, 2013

DEAN D. PREGERSON
United States District Judge