1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACLYN SANTOMENNO, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, *et al.*,<br><br>      Defendants. | **No. 2:12-cv-02782-DDP (MANx)**<br><br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on November 12, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1 and 5.2 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in

whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

2

### **TERMS OF PROTECTIVE ORDER**

3       1.    PURPOSES, LIMITATIONS, AND GOOD CAUSE

4           Disclosure and discovery activity in this action **may** involve production of

5    confidential, proprietary, or private information for which special protection from public

6    disclosure and from use for any purpose other than prosecuting this litigation may be

7    warranted.  Accordingly, the **P**arties **have** stipulate**d** to and petition**ed** the **C**ourt to enter

8    th**is** Protective Order (the "Order"), pursuant to Rule 26(c) of the Federal Rules of Civil

9    Procedure.  The **P**arties **have expressly** acknowledge**d** that this Order does not confer

10   blanket protections on all Discovery Material and that the protection it affords from

11   public disclosure and use extends only to the limited information or items that are entitled

12   to confidential treatment under the applicable legal principles.  The **P**arties **have** further

13   acknowledge**d**, as set forth in Section 12.3, below, that this Order does not entitle them to

14   file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures

15   that must be followed and the standards that will be applied when a party seeks

16   permission from the Court to file material under seal.

17       2.    DEFINITIONS

18       2.1    Challenging Party.  A Party or Non-Party that challenges the designation of

19   Discovery Material as "PRIVILEGED," "CONFIDENTIAL," or "REDACTED" under

20   this Order.

21       2.2    "CONFIDENTIAL" Discovery Material.  Discovery Material that a

22   Producing Party believes in good faith to contain confidential, commercially sensitive,

23   and/or proprietary information not otherwise known or available to the public, including,

24   but not limited to:  (a) information (regardless of how generated, stored, or maintained)

25   that qualifies for protection under Fed. R. Civ. P. 26(c); (b) non-public information

26   concerning proprietary business models or pricing; (c) commercially sensitive financial

27

28

information (*e.g.*, sales forecasts, trade secrets, pricing models, marketing plans, and profit margins); (d) commercial agreements, settlement agreements, or settlement communications; (e) plan participant information, customer lists, employee information, and other non-public information of similar competitive and business sensitivity; (f) information obtained from a **N**on-**P**arty pursuant to a current Non-Disclosure Agreement ("NDA") or similar agreement; and (g) Personally Identifying Information.

2.3   <u>Counsel (without qualifier)</u>.  Outside Counsel and In-House Counsel, as well as their support staffs.

2.4   <u>Designating Party</u>.  A Party or Non-Party that designates Discovery Material as "PRIVILEGED," "CONFIDENTIAL," or "REDACTED."

2.5   <u>Discovery Material</u>.  All items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>.  Persons or entities with specialized knowledge or experience in a matter pertinent to the litigation who are retained by a Party or its Counsel to serve as expert witnesses or consultants in this action, as well as their support staffs.

2.7   <u>In-House Counsel</u>.  Attorneys who are employees of a Party to this action, as well as their support staff.

2.8   <u>Non-Party</u>.  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel</u>.  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including their support staffs.

2.10   <u>Party</u>.  Any party to this action, including all of its officers, directors, employees, **and** consultants, including their support staffs.

2.11   <u>Personally Identifying Information</u>.  Non-public personal information of individual third parties (such as individual participants in retirement plans for which Defendants provide or provided services), including, but not limited to, name, social security number, address, e-mail address, telephone number, and financial or retirement account information.

2.12   <u>Producing Party</u>.  A Party or Non-Party that produces Discovery Material in this action.

2.13   <u>Professional Vendors</u>.  Persons or entities that provide litigation support services to a Party in this action (including, but not limited to, photocopying, videotaping, translating, preparing exhibits, or demonstrations, organizing, storing, or retrieving data in any form or medium; and providing professional jury or trial consulting services), and their employees and subcontractors.

2.14   <u>Prompt Notification</u>.  For purposes of this Order, "promptly notify" shall mean to notify within 5 court days.

2.15   <u>Protected Material</u>.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or withheld as or claimed to be "PRIVILEGED" or otherwise protected from disclosure.

2.16   <u>Receiving Party</u>.  A Party that receives Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material, but also:  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, in Court or otherwise, that

might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of:  (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of Discovery Material that qualify – so that other portions of the material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*,

to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>Hard Copy or Paper Documents (apart from transcripts of depositions)</u>.  The Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Native and/or Other Electronic Materials</u>.  All Protected Material not reduced to hard copy, tangible, or physical form or that cannot be conveniently designated as set forth in Paragraph 5.2(a) shall be designated by informing the Receiving Party of the designation in writing, and/or in the load file or other similar database, table, or chart accompanying said production.  To the extent the Receiving Party subsequently generates any permitted copies of this information, whether electronic or hard copy, it shall ensure that all such copies are clearly designated with the appropriate confidentiality designations.

(c)  <u>Documents Made Available for Inspection</u>.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(d)  <u>Testimony Given in Deposition</u>.  A Party or Non-Party seeking to designate testimony under this Order may identify on the record, before the close of the deposition, any portions of the testimony that the Party or Non-Party intends to designate as "CONFIDENTIAL."  However, at a deposition, the Designating Party may provisionally designate an entire deposition transcript and accompanying exhibits "CONFIDENTIAL," subject to refined designations in compliance with this Order, which must be served on the Receiving Party and the court reporter who transcribed the deposition no later than 30 days after the Designating Party receives the final deposition transcript and marked exhibits.  Any and all provisional designations imposed at the deposition will expire 30 days after the Designating Party receives the final deposition transcript and marked exhibits.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(e)      Information or Items Produced by Other Parties or Non-Parties.  If a Party wishes to designate information or items produced by other Parties or non-parties under this Order, the Party must, within a reasonable time of receiving such information or items, notify all other Parties in writing of the designation, describing the information or items at issue (*e.g.*, by Bates number) and the level of protection claimed with respect to such information or items; all other Parties shall then apply the appropriate legend to the information or items.

5.3      Inadvertent Failures to Designate.  A Designating Party that inadvertently fails to mark information or items as "CONFIDENTIAL" or "REDACTED" at the time of production shall be allowed to correct such failure at any time.  In that event, the Designating Party shall provide notice in writing to all Receiving Parties, accompanied, as necessary, by appropriately marked substitute copies of such information or items.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the previously unmarked information or items are treated as Protected Material in accordance with the provisions of this Order, including retrieving and returning or securely destroying, at the Producing Party's option, all previously unmarked or mismarked copies of the information or items.

5.4      Privilege Designations.  A Producing Party who claims any privilege as a basis for redaction or withholding documents or information must provide a privilege log setting forth the privilege or other protection claimed, pursuant to Federal Rule of Civil Procedure 26(b)(5), within a reasonable amount of time after the Producing Party provides documents that otherwise would include withheld documents or provides versions redacted for privilege.

5.5 <u>Redactions</u>. Documents produced in part with redactions must be labeled "REDACTED" on every page affected and logged pursuant to Paragraph 5.4 above. The **P**arties **have** agreed that material may be redacted on privilege or work product grounds and that Personally Identifying Information may also be redacted. The redaction of produced material for any other reason is discouraged.

5.6 <u>Personally Identifying Information</u>. The production of any document containing unredacted Personally Identifying Information without a confidentiality designation shall be treated as an inadvertent failure to designate pursuant to Paragraph 5.3 above. The Parties shall not use **P**ersonally **I**dentifying **I**nformation for any purpose outside of this litigation.

5.7 <u>No Limitation on Designating Party's Use for Other Purposes</u>. Nothing in this Order shall be construed to restrict a Designating Party's use of its own documents for any purpose outside of this litigation.

5.8 <u>No Limitation on Use of Lawfully Obtained Documents</u>. Nothing in this Order shall be construed to restrict a Party's use of any documents or materials lawfully obtained outside of this litigation, regardless of whether such document or material has been designated CONFIDENTIAL in this litigation.

5.9 <u>Designation by a Non-Producing Party</u>. Any Party or Non-Party may designate Discovery Material produced by any Producing Party as "CONFIDENTIAL" pursuant to the terms of this Order, if the applicable standard is met.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS OR PRIVILEGE CLAIMS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality or a claim to privilege at any time. Unless a prompt challenge to a Designating Party's confidentiality designation or privilege claim is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation or privilege claim by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process required by Civil Local Rule 37 by providing written notice of each designation or privilege claim it is challenging, describing the basis for each challenge, and requesting a meet and confer conference.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality or privilege is being made in accordance with this specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient under Civil Local Rule 37-1) within 10 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation or privilege claim was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.  The Challenging Party may file a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)  challenging a confidentiality designation or privilege claim at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  All Parties must adhere to the procedures set forth in Civil Local Rule 37-2.  Thus, if the Parties cannot resolve a challenge without court intervention, the Parties shall

formulate a written stipulation, pursuant to the procedures laid out in Civil Local Rules 37-2.1 and 37-2.2, to be filed and served with a notice of motion for resolution of the dispute.  After engaging in the required meet and confer process, the Challenging Party shall prepare that Party's portion of the stipulation and the Parties shall adhere to all procedures set forth in Civil Local Rules 37-2.2, 37-2.3, 37-2.4, and 37-3.

Failure to engage in this process shall be deemed a waiver of the Designating Party's confidentiality designation.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to engage in the process set forth in this **S**ection 6, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the **C**ourt rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  The Parties **have** acknowledge**d** that the Protected Material produced in this case will include commercially sensitive information and agree**d** not to use that information for any purpose not directly tied to the prosecution or defense of this action.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, all Receiving Parties must comply with the provisions of **S**ection 13 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.  The Parties agree to take reasonable steps to ensure that Protected Material is not used or disclosed in violation of this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Discovery Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel in this action, as well as employees and Professional Vendors of the Receiving Party to whom it is reasonably necessary to disclose the information for purposes of this litigation;

(b)  for corporate Parties, the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  the named Plaintiffs in this action;

(d)  putative class members and/or certified class members, on an individual as-needed basis, provided that counsel for the named Plaintiffs first confer with counsel for the Designating Party regarding the content of the proposed disclosure and the reasons for the disclosure;

(e)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) who are not employees of or consultants to a competitor of the Designating Party, and who at the time of retention are not anticipated to become employees of or consultants to a competitor of the Designating Party;

(f)  the Court and its personnel;

(g)  court reporters and their staff engaged to perform services in this action;

(h)  mediators, special masters, or settlement facilitators, including staff, engaged by the Parties or appointed by the Court to provide services related to this action;

(i)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)      deposition witnesses in the action to whom disclosure is reasonably necessary for this litigation and who, except as provided in subparagraph 7.2(k), are not employees of or consultants to a competitor of the Designating Party or anticipated to become employees of or consultants to a competitor of the Designating Party.  Any **P**arty may request that the witness (and his or her counsel, if any) sign the "Acknowledgment and Agreement to be Bound" (Exhibit A).  For witnesses known to the Defendants to be currently or formerly employed by (i) any Defendant, or (ii) a vendor who was in a contractual relationship with any Defendant on or after January 1, 2005, the Defendants agree to make this request, regardless of which **P**arty noticed the deposition.  If the witness refuses to execute the Acknowledgement and Agreement to be Bound, then he or she may be shown Discovery Material designated "CONFIDENTIAL," provided:  (1) he or she shall not be permitted to retain copies of any protected material or any portion(s) of the transcript designated "CONFIDENTIAL"; (2) if asked to certify the transcript, he or she shall be required to do so at a time and location negotiated with the Designating Party (rather than being sent a copy of the transcript for review); and (3) the Designating Party shall retain all rights to seek a protective order or other relief from the Court; and

(k)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     promptly, and in no event more than fourteen (14) court days after receiving the subpoena or order, notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to

execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED  MATERIAL</u>

If Discovery Material subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity over the material.  Pursuant to Federal Rule of Civil Procedure 26(b)(5), the Party making the claim may notify any party that received the Discovery Material of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or securely destroy the specified Discovery Material and any copies it has; must not use or disclose the material until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the material to the Court under seal for a determination of the claim.  The Producing Party must preserve the Discovery Material until the claim is resolved.

11.1.  <u>Federal Rule of Evidence 502(d) and (e)</u>.  The production of any Discovery Material by any party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the Producing Party that such material is privileged or attorney work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding.  The Parties agree that employing electronic keyword searching and privilege screens to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b)(2).

///

///

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  This Order may be amended by written agreement between **C**ounsel for the **P**arties, subject to approval of the Court, or may be modified by motion to the Court.

12.2   <u>Right to Assert Other Objections</u>.  By **having** stipula**t**ed to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any Discovery Material on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Filing Protected Material</u>.  A Receiving Party shall not file Protected Material in the public record in this (or any other) action without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5.1, a sealing order will issue only upon a written application establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

12.3.1  If a Designating Party seeks to file Protected Material under seal, the Designating Party shall file the application required by Civil Local Rule 79-5.1, and the Designating Party has the burden to establish that the confidentiality designation and filing under seal is warranted under the applicable standards.  If the Receiving Party disputes that the confidentiality designation is appropriate, the Receiving Party may file a Response within three days stating any objection to the **application to** fi**l**e under seal.

12.3.2  If a Receiving Party seeks to file Protected Material under seal, and to ensure that the burden for demonstrating good cause for confidential treatment rests with the Designating Party, the Receiving Party shall file the application required by Civil Local Rule 79-5.1 and make one of the following three statements in its application:  (i) the Receiving Party agrees that the material is entitled to protection; or (ii) the Receiving Party expresses no preference as to whether materials are entitled to protection; or (iii) the Receiving Party disputes the Designating Party's claim that its materials are entitled to protection.  These are the only statements that must be made by a Receiving Party in an application under Civil Local Rule 79-5.1.  This application, along with the subject documents, consistent with Civil Local Rule 79-5.1, shall be mailed to the Court and a copy of the application and the associated documents shall be served on the Designating Party via email (hereinafter, the "Receiving Party's Application").  The Designating Party may file a Response to the Receiving Party's Application within three days, justifying, pursuant to the applicable standards, the confidentiality designation and filing under seal.  The Designating Party has the burden to establish that the confidentiality designation and filing under seal is warranted under the applicable standards.

12.3.3  If any application to file Protected Material under seal pursuant to Civil Local Rule 79-5.1 is denied by the Court, then the Party who filed the application may file the information in the public record pursuant to Civil Local Rule 79-5.1 or withdraw it from consideration in connection with the substantive issue before the Court, unless otherwise instructed by the Court.

12.4.  Transmission and Communication of Protected Material.  Nothing in this Order shall prohibit the transmission or communication of "CONFIDENTIAL" information or items between or among qualified recipients:

      (a)    by e-mail, facsimile, or other electronic transmission system;

      (b)    by hand-delivery; or

      (c)    in sealed envelopes or containers via certified mail, return receipt requested, or an established freight, delivery, or messenger service.

13.   <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that:  (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.   <u>ENFORCEABILITY</u>.  This Order shall survive the termination of this litigation.  The Court shall retain jurisdiction, even after the termination of this litigation, to enforce this Order with all appropriate actions or orders.

15. <u>SUCCESSORS</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

16. <u>VIOLATIONS</u>.  Any violation or threatened violation of this Order may be submitted to the Court for appropriate injunctive relief and for such other just and equitable relief as the Court shall deem fit.

**IT IS SO ORDERED.**

Dated:  November 15, 2013

_____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on November 15, 2013, in the case of *Santomenno v. Transamerica Life Insurance Co. et al.*, No. 2:12-CV-02782-DDP-MANx.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where affirmed and signed: _____

Printed name: _____

Signature: _____