# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jaclyn Santomenno, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Transamerica Life Insurance Company, et al., <br><br> Defendants | Case No. 2:12-CV-02782-DDP-MAN <br><br> Judge: Hon. Dean D. Pregerson <br> Magistrate: Hon. Margaret A. Nagle <br><br> **DECLARATION OF BRUCE A. STROMBOM, PH.D.** <br><br> **[PUBLIC VERSION]** |

## I.      Introduction

1.  I write this declaration to supplement the opinions offered in my March 31, 2014 ("Initial Report") and May 7, 2014 ("Rebuttal Report") reports.[1] In this declaration, I have been asked to address several questions raised by the Court in its January 16, 2015 Order, or by plaintiffs and their experts in their February 6, 2015 response. Specifically, this declaration addresses:

- Whether IM and Admin fees comprise the predominant portion of total fees on a classwide basis;
- Whether individualized inquiry would be necessary to determine which plan sponsors in the Proposed Class agreed to pay for recordkeeping services, and which plan sponsors agreed that investment-level fees could be used to pay for such services; and
- Whether there are economic benefits to using asset-based fees rather than flat, per-participant fees to pay for recordkeeping.

2.  I understand that the Court has asked, "[i]s the IM/Admin fee the predominant portion of the total fee package?"[2] For purposes of addressing this question, I limited my analysis to the ███████████████████████ that I understand plaintiffs are challenging. **Exhibit A** shows that in 2011, ███████████████████████

---

[1] My Initial Report describes my engagement, qualifications, prior testimony, and compensation. I continue to hold the opinions expressed in the Initial Report and Rebuttal Report. My analysis and conclusions are based on the information available at the present time; if additional information or materials become available, I reserve the right to update my opinions and analysis.

[2] Order Deferring Decision On Class Certification and Requesting Clarification From Parties, January 16, 2015, p. 6.

- 1 -

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2  ▓▓▓▓.[3,4]

3. The exhibit also shows that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4. I understand that plaintiffs have alleged that bundling recordkeeping fees into investment-level fees is inappropriate because plan sponsors are responsible for recordkeeping fees, and I have been asked to evaluate whether individualized inquiry would be necessary to determine which plan sponsors in the Proposed Class agreed to pay for recordkeeping and administration services, and which plan sponsors agreed that investment-level fees could be used to pay for such services.

5. I understand that the plan sponsor, rather than TLIC, decides whether to pay recordkeeping fees directly or to deduct those fees from plan assets.[5]

6. To investigate, I obtained and reviewed Summary Plan Descriptions ("SPDs")[6] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[7]▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[8] As shown in **Exhibit B**, among the ▓▓▓▓▓▓, there were variations in the disclosures of how expenses associated with plan

---

[3] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[5] Interview with Jeff Barber, February 19, 2015.
[6] An SPD is a summary of the plan's governing documents and the terms of the plan, which is distributed to the plan participants.
[7] As the notes to Exhibit 35 of my Initial Report state, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ TLIC may not receive a copy of the SPD.
[8] I understand that the documents were obtained from the WMS database system, which was made available to plaintiffs in this litigation.

- 2 -

1  administration are paid. ████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████

4

5  ████████████████████████████████████████████ Based on

6  this limited review, it appears that it is not the case that all plan sponsors have agreed to pay for

7  recordkeeping fees out of their own assets, and that individualized inquiry would be necessary

8  to determine whether a plan sponsor has made a representation that it would pay recordkeeping

9  expenses directly.

10     7.    Lastly, I have been asked to opine on whether there are economic benefits to

11 using asset-based fees rather than flat, per-participant fees to pay for recordkeeping fees.

12 Although I have not examined the economic appropriateness of such an arrangement for any

13 individual plan in the proposed class, elementary economic principles indicate that there are

14

15 economic benefits to using asset-based fees rather than flat, per-participant fees to pay for

16 recordkeeping and that some proposed class members may be better off with such a fee

17 arrangement.  In particular, relative to flat per-participant fees, asset-based fees may result in

18 lower fees for participants with small account balances.

19     8.    Though an asset-based fee will be more than a per-participant fee for participants

20

21 with very high account balances, many plan sponsors might prefer this arrangement to a per-

22 participant charge that could effectively prohibit participation by new employees, or employees

23 with small rollover balances seeking to join the plan.

24

25

26

27

28

1  I declare under penalty of perjury that the foregoing is true and correct.

2

3  Executed in Los Angeles, Submitted on February 20, 2015

4

5

6

7

8  _____

9  Bruce A. Strombom, Ph.D.

# EXHIBIT A

**[FILED SEPARATELY UNDER SEAL]**

# EXHIBIT B

**[FILED SEPARATELY UNDER SEAL]**