O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN SANTOMENNO; KAREN POLEY; BARBARA POLEY, <br><br>      Plaintiff, <br><br>   v. <br><br>TRANSAMERICA LIFE INSURANCE COMPANY; TRANSAMERICA INVESTMENT MANAGEMENT, LLC; TRANSAMERICA ASSET MANAGEMENT INC., <br><br>      Defendants. | Case No. CV 12-02782 DDP (MANx) <br><br>**ORDER RE PARTIES' EXTRANEOUS SUBMISSIONS** <br><br>[Dkt. Nos. 335, 338, 341, 346] |

   On January 16, 2015, the Court ordered supplemental briefing to aid it in coming to a ruling on Plaintiffs' motion for class certification.  Plaintiffs submitted their supplemental briefing on February 6, 2015, and Defendants filed their supplemental briefing on February 20, 2015.  The Court has taken these briefings, along with the original motion and related papers, under submission.

   In the meantime, Plaintiff has filed a "second supplemental submission" questioning Defendants' citation to a particular investment vehicle as an example in their brief (Dkt. No. 335);

Defendants have filed a "request" for leave to file a corrected brief removing the complained-of reference and replacing it with a reference to a different investment vehicle (Dkt. No. 338); Plaintiffs have filed a "third supplemental submission" objecting to the proposed substitution (Dkt. No. 341); and Defendants have filed a "request" to strike Plaintiffs' "third supplemental submission." (Dkt. No. 347.)

What all of these filings have in common is that they are neither noticed motions, nor ex parte applications (which, themselves, should be used sparingly[1]), nor briefing requested by the Court. The parties have used the Court's docket – which is to say, the Court's resources – to argue minutiae ex parte without providing fair notice or procedure to their opponents. The Court also notes that, because this case involves confidential information, each filing also involves a cumbersome sealing process, which also requires court resources.

Because Defendants submit that they have made an error in their supplemental briefing, the Court treats the "request" to file an amended briefing (Dkt. No. 338) as an ex parte application and grants it, in order to avoid working from erroneous filings. Apart from allowing that change, however, the Court does not consider any arguments or statements made in that filing. The three other filings are stricken in their entirety, and the Court does not consider any arguments made within them. In the future, the parties will either (1) follow the Local Rules regarding noticed motions or (2) submit clearly marked ex parte applications

---

[1] See generally Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995).

requesting specific relief and clearly showing that the conditions for ex parte relief under Ninth Circuit law are satisfied.

IT IS SO ORDERED.

Dated: March 24, 2015

DEAN D. PREGERSON
United States District Judge